L. C. Smith, assignee of Frank E. Frye, plaintiff in error, v. S. N. White, defendant in error.

<div style="float:right">

| 5 | 405 |
|---|---|
| 25 | 423 |

| 5 | 405 |
|---|---|
| 39 | 904 |

</div>

1. **School Lands.** The mere failure of a purchaser to pay the interest due on school lands purchased from the state on credit, does not of itself work a forfeiture of his interest in such lands.

2. ———: statutory requirements. Sec. 18. Chap. 70, General Statutes, provides that notice shall be given by the county treasurer to the purchaser, stating the delinquency complained of, and requiring the removal thereof by the fulfillment of the covenants of the bond and contract; and until such notice has been given, in the manner required by law, a purchaser cannot be divested of his interest in such lands.

Error from the district court of Colfax county. The facts upon which the cause was tried below appear in the opinion.

*W. A. Marlow*, for plaintiff in error, cited *Moore v. M'Intosh*, 6 Kan., 39. *Welch v. Bryan*, 28 Mo., 30. Gen. Stat., 995.

*C. J. Phelps*, for defendant in error, cited Act relating to school lands, and Laws of 1875, 123.

Maxwell, J.

The following is the agreed statement of facts in the case:

*First.* That in the year 1871, F. E. Frye purchased of the state of Nebraska the lands described in defendant's answer. At the time of said purchase he paid one-tenth of the purchase price, and agreed to pay the interest on the balance for the period of ten years, at the expiration of which time he agreed to pay the remainder of the principal.

*Second.* That said land so purchased was, at the time of said sale, school land, belonging to said state.

*Third.* That Frye never made any other or further payments on said land.

*Fourth.* That the first year after he made the purchase, he broke ninety acres of said land at a cost of about $300.00.

*Fifth.* That, in 1873, Frye became insolvent, and made an assignment of all his property to this plaintiff for the benefit of his creditors, which was accepted by the plaintiff.

. *Sixth.* That the plaintiff, under said assignment, had the right to collect all sums due him, and to sell and dispose of all real estate and his interest in the same.

*Seventh.* That, in the year 1874, the defendant purchased from the state of Nebraska the land heretofore described, paying the price of unimproved land, and no more.

*Eighth.* The defendant, after he made said purchase of said land from the state of Nebraska, executed and delivered to the plaintiff the note described in the petition, the only consideration for which was the interest of the plaintiff under said assignment in and to the improvements on said land.

The case was submitted to the district court on this agreed statement of facts, and judgment rendered thereon for the defendant, to reverse which the plaintiff brings the case into this court by petition in error.

Sec. 18, of Chap. 70, of the General Statutes, provides: " In case of the violation of any of the covenants in the contract furnished by the lessee or purchaser, by the non-payment of moneys at the time specified in the contract —by the commission of waste upon the land—by the removal of any improvements thereupon from the land without the consent of the commissioners—the county treasurer shall notify the lessee of his or her delinquency, and require the removal thereof by the fulfillment of the covenant of the bond and contract; and if such delin-

quency is not removed within thirty days, the lessee or purchaser shall yield possession of the premises to the state of Nebraska, and the property shall thereupon immediately revert to and be revested in the state; and the contract shall be dissolved, and the rights of the lessee or purchaser, both legal and equitable, therein, be absolutely determined; and the prosecuting attorney of the district shall, immediately after receiving notice from the county treasurer of the violation of his or her covenants, by the lessee or purchaser of any school land, proceed against the person in possession of the premises involved, in the name of the people of the state of Nebraska for forcible entry and detainer, and obtain restitution of the premises in the same manner and with like effect as in case of tenants holding over."

A condition is said to be a qualification annexed to an estate by the grantor, whereby the estate may be enlarged, defeated or created upon an uncertain event. Taylor's Landlord and Tenant, Sec. 271.

The principal difference between a condition and a limitation is, that a condition does not defeat the estate when broken, until it it avoided by an act of the grantor or his heirs; but a limitation marks the period which is to determine the estate, without entry or claim." Id., Sec. 273. *Stearns v. Godfrey*, 16 Me., 160.

The payment of the purchase money is a condition precedent which must be fully performed on the part of the purchaser to entitle him to an estate in fee; but the mere failure of a purchaser to pay the interest at the time it becomes due, will not of itself forfeit the estate of the purchaser in the land. The statute requires notice to be given by the county treasurer to the purchaser, stating the delinquency complained of; and requiring the removal thereof by the fulfillment of the conditions of the covenants of the bond and contract. It is not

contended that such notice has been given, or that the interest of Frye has been forfeited in the land.

By the agreed statement of facts it is admitted that the plaintiff, under the assignment, had the right to collect all sums due, and to sell and dispose of all real estate and his (Frye's) interest therein.

Such being the case, Frye had an interest in the improvements that the plaintiff was authorized to sell, and which was a sufficient consideration for the note. The judgment of the district court is, therefore, reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.