JOHN McCONAHEY, APPELLANT, v. SARAH McCONAHEY, APPELLEE.

1. Appeal to Supreme Court. In a case brought to the supreme court on appeal, where it is claimed that the finding and decree of the district court is not supported by the evidence, such finding will not be disturbed if the testimony is conflicting unless it appears that the finding is clearly wrong.

2. Divorce: TRIAL: EVIDENCE. In an action for divorce, tried to the district court without a jury, the fact that incompetent evidence was admitted over the objection of the party complaining, will not of itself require a reversal of the decree, if upon the whole case there was sufficient competent evidence admitted to sustain it.

3. ——: ——: ALIMONY: DECREE MODIFIED. Where it was shown that the husband was possessed of property of the value of $2,200, and the wife was possessed of $500 worth of property in her own right, it was held that a decree allowing the wife $800 of alimony and $150 attorney's fees, was excessive, and the decree for alimony was modified, and the sum of $500 allowed in addition to the attorney's fees, it not appearing that the wife had contributed to the common fund.

APPEAL from the district court of Dakota county. Heard below before CRAWFORD, J.

*Isaac Powers, Jr.*, and *John T. Spencer*, for appellant.

*Mell C. Jay, Joy, Wright & Hudson*, and *Barnes Brothers*, for appellee.

REESE, J.

This action was instituted by plaintiff, by which he sought a divorce from defendant on the ground of abandonment. Defendant answered denying the charge of abandonment, but alleging that her departure from the home of plaintiff was made necessary by the cruel treatment of plaintiff. She also presented her cross-petition for divorce and alimony, alleging as ground therefor the extreme cruelty of plaintiff.

The cause was tried to the district court, resulting in a finding in favor of defendant and a decree of divorce and $800 alimony in her favor. Plaintiff appeals.

The first contention on his part is, that there was no evidence to support the findings of the trial court. This involves: *First.* The finding against plaintiff on the allegations of his petition; and, *Second.* The finding in favor of defendant on the allegations of her cross-petition.

The testimony is quite voluminous, and in many respects unsatisfactory. We do not see that any good purpose would be subserved by setting it out at length, nor by even giving a synopsis of it. We have read it carefully and find in it, especially on the part of defendant and her witnesses, many apparently contradictory and unreasonable statements, some of which seem to challenge particular attention. But when the whole case is considered together and the testimony is examined in the light of the rule stated in *Callahan v. Callahan,* 7 Neb., 38, and re-affirmed in *Powers v. Powers,* 20 Neb., 529, we must hold that the findings of the trial court cannot be disturbed, even though they may not be entirely satisfactory to the mind of the appellate court. There is enough in the testimony of defendant and her witnesses, if believed, to sustain the decree. The trial court was the judge of its weight as well as of the weight of the testimony given by plaintiff and his witnesses. We cannot molest the decree upon the general proposition that it is not sustained by

sufficient evidence, nor that it is against the preponderance of the testimony.

It is next urged that the court erred in the admission in evidence of an alleged copy of a letter written by plaintiff to defendant. There was no proof of the loss of the original and the copy offered was mutilated so that only a part of it could be read. It is fundamental that a copy of an instrument in writing cannot be received in evidence without preliminary proof of the loss or destruction of the original, or some other fact which would make the copy the best evidence attainable. It is also insisted that the court erred in admitting the testimony of defendant wherein she detailed the conversation of third parties in plaintiff's absence. It is not entirely clear that this testimony was inadmissible, as the purport of it seems to have been communicated to plaintiff soon after, and the peculiar circumstances surrounding the alleged conversation, *if true*, might tend to throw light on the conduct of plaintiff. The conversation testified to had reference to a proposition made by the party named to place defendant in a bath immediately after the birth of her child, and from which defendant suspicioned a criminal purpose. She testified that she afterwards communicated the fact of the proposal to plaintiff. Yet it is not material to this decision whether the testimony was properly admitted or not, as the same strictness is not to be applied to the rulings upon the admissibility of evidence where the trial is to the court instead of to a jury. This suggestion must also apply to the ruling upon the copy of the letter above noticed. We know of no rule which would require the reversal of a judgment for the sole reason that the rulings of the court upon the admission of evidence were erroneous, when the cause is tried to a court, if the testimony which was properly admitted is sufficient to sustain the finding, for the court was as competent to exclude the force of the testimony at one stage of the trial as at another. 1 Greenleaf on Evidence,

30

§ 49.   If there is sufficient to sustain the finding of the trial court after the elimination of the testimony improperly received the verdict must still be sustained.

It is next contended that the court erred in rendering its decree in favor of defendant for divorce and alimony on her cross petition.   This is based upon the alleged fact that defendant was a non-resident of the state, and therefore the court had no jurisdiction to render affirmative relief. We are unable to see that this question can arise in this case, for the reason that if the finding of the district court that there had been no abandonment was correct, then the residence of defendant would still be in this state notwithstanding the fact that she was temporarily in Ohio.   If there was a final separation and an abandonment of plaintiff her domicile or residence might be in Ohio.   But if there was no such abandonment or separation her legal residence would still remain in this state.   *Smith v. Smith*, 19 Neb., 706.   The finding of the district court being against plaintiff on the allegations of his petition must be final as to the question of jurisdiction.

The testimony on the trial, which was uncontradicted, shows that the value of plaintiff's property is $2,200 over and above his indebtedness, while defendant is possessed of property worth about $500.   In addition to the $800 alimony allowed defendant, an additional sum of $150 was allowed for her attorney's fees, making in all $950.   By this it will be seen that the alimony allowed defendant was excessive.   The decree for alimony will be modified and the sum of $500 will be allowed, to be paid as follows : $100 in six months, $100 in one year, $150 in two years, and $150 in three years ; with the option to plaintiff to pay sooner if he so desires, the decree to draw seven per cent interest until paid.   And as modified, the decree of the district court is affirmed at plaintiff's costs.

DECREE ACCORDINGLY.

THE other judges concur.