ABIJAH RICHARDSON, APPELLANT, V. H. C. DOTY ET AL., APPELLEES.

1. **School Land:** CONTRACT OF SALE: FAILURE TO PAY INTEREST: STATUTE OF LIMITATIONS.. While the failure to pay interest on school land contracts on the day it becomes due does not work a forfeiture of contract, yet the law requires good faith on the part of the purchaser; and a failure to pay such interest for fifteen years, with no assertion of ownership of the real estate, nor of any interest therein, and during ten years of which time the property has been in the possession of a subsequent purchaser, who obtained the land from the state in good faith, relying upon the abandonment of the first purchaser, the right of such first purchaser to assert his title as against that of the second will be barred.

2. **Trial:** EVIDENCE. When a cause is tried to the court without the intervention of a jury, the judgment will not be reversed on the ground of the admission of immaterial or incompetent evidence, if sufficient material and competent evidence was introduced and admitted to sustain the finding of the court.

APPEAL from the district court of Otoe county. Heard below before POUND, J.

*E. F. Warren,* for appellant, cited : *Smith v. White,* 5 Neb., 405. *Richardson v. Pratt,* 20 Id., 196. Comp. Stat., 1881, Sec. 3, p. 488.

*D. T. Hayden,* for appellees, cited: *Hibbeler v. Gutheart,* 12 Neb., 531. *Ewing v. Baldwin,* 24 Kan., 88. *State v. Graham,* 21 Neb., 329.

REESE, CH. J.

This action was commenced in the district court of Otoe county. The cause of action, as stated in the petition of appellant, who was plaintiff below, is, that on the 23d day of June, 1869, George R. Swallow duly purchased the south-west quarter of the south-east quarter of section thirty-six, in township nine north, of range nine east, from the state of Nebraska, that being a part of the public school lands of the state, for the sum of $420, and on said day paid $42 of the purchase price, and executed and delivered to the state his promissory note for $378, for the unpaid part of the purchase price, and received a certificate of purchase for the land; that Swallow paid the interest on said note up to and including the year 1871, and was thereby vested with the title and estate in said land; that subsequently Swallow sold his interest in the said real estate to plaintiff, and delivered to him the certificate of purchase; that in 1885 the defendant, Doty, pretended to lease or purchase said land from the state; that plaintiff has offered and tendered to the county treasurer full payment of interest and principal in arrears, which was refused, and that he now offers and tenders full payment of any sum due upon said purchase; that no notice of forfeiture was given to Swallow, or the plaintiff, and that no proceedings were ever taken at law, or otherwise, to cancel said certificate of purchase, or to forfeit the estate in said land acquired by said Swallow and plaintiff; that

the said note of $378 has never been surrendered, but is still held by the state.

The prayer of the petition is, that an accounting may be had, for the purpose of ascertaining the amount due the state, and that he be permitted to pay the same into court; that plaintiff may be decreed to be the owner of the premises, as against the claims of the defendant, Doty, and all persons claiming under him; that the pretended deed, sale, lease, or other evidence of title or possession of said defendant may be decreed void and of no effect as against the right and title of the said plaintiff in the premises, and that the cloud created thereby may be removed; that Doty may be ordered and decreed to surrender possession of the property to plaintiff, and to account for the rents and profits thereof since he has been in possession, and for general relief.

The answer of Doty denies the principal allegations of the petition, and alleges his purchase from the state, his receipt of the contract of purchase, his possession and his claim of ownership; that on the 21st day of July, 1875, the state leased the land to Lawson W. Lloyd, giving him a contract of lease therefor, and that Lloyd took possession thereunder, and afterwards sold the land and transferred the lease and possession to defendant; that about the 1st day of January, 1885, Doty surrendered his lease to the state, and took a contract of purchase; that neither Swallow nor the plaintiff have paid anything on their contract since 1871; that the interest has become due and unpaid since that date, and that by reason of their failure to pay the interest or principal (as it became due), they forfeited all interest they had in the land, and all claims against the state for a deed therefor; that by reason of the neglect and default of plaintiff, and his failure to pay the interest and principal upon his contract, he is barred from maintaining an action thereon; and that by his failure to take possession of the land he waived any right to notice

of the forfeiture by the state, but that notice of forfeiture was given. The answer also pleads the statute of limitations in bar of the action. The other allegations of the answer need not be noticed.

A trial was had to the court without the intervention of a jury, which resulted in a finding in favor of defendant, and a decree dismissing plaintiff's suit.

The cause is appealed to this court by plaintiff.

It appears from the bill of exceptions that the purchase was made in 1869, as alleged in the petition, and that the interest was paid for two years thereafter, and that no further payments of interest have ever been made. It does not appear that any notice of any kind has ever been given to plaintiff or his grantor of the forfeiture of plaintiff's rights under the contract of purchase. That in 1875, and after the default in the payment of interest, Lloyd leased the real estate from the state, and soon thereafter took possession thereof; that he subsequently transferred his lease to defendant, and with it the possession, and that defendant and Lloyd have been in actual possession for more than ten years prior to the commencement of this suit, and that on the 1st day of January, 1885, defendant surrendered his contract of lease, and purchased the land, receiving from the state a contract of sale.

It is insisted by appellant that he has never been divested of his title to the land which he acquired by virtue of his purchase and the contract of June 23, 1869, and that under the rule stated in *Smith v. White*, 5 Neb., 405, that the mere failure of a purchaser to pay interest does not of itself work a forfeiture, he should recover.

It is also contended that, under the provisions of section three, article IV., Chap. 80, of the Compiled Statutes, the time within which to make payments was extended until January 1, 1890. This section provides, "That upon the full payment of all the interest and taxes due thereon, the principal of all notes given in payment of school lands, be,

and the same is hereby extended to the 1st day of January, 1890; *Provided,* That upon all lands heretofore sold, the purchaser or his assigns, shall make satisfactory proof to the county clerk of the county within which the land is situated, that permanent improvements have been made upon said lands before such extension shall be granted; *Provided further,* That nothing in this act shall be construed to prevent the purchaser or his assigns, from making full payment of such notes at any time by computing the interest to the first day of January following such payment."

It will be seen that there are two conditions upon which the extension of time referred to was given:   1st, That all the interest and taxes due upon the land should be first paid in full; 2d, That the purchaser, or his assigns, should make satisfactory proof that permanent improvements had been made upon the land before he would be entitled to the extension.   Neither of these conditions having been complied with, plaintiff could take nothing by the act.

The first assignment of error is, that the court erred in admitting in evidence an abstract of school lands, it not being the public record required by law.   So far as this assignment and all others of a like nature are concerned, it must be enough to say that these alleged errors of the court in the admission of evidence cannot avail appellant on this appeal, even though the evidence was not admissible, if enough material and competent evidence was admitted to sustain the finding and decree of the court.   It is a familiar rule of practice, that where a trial was had to the court, without the intervention of a jury, that the admission of immaterial and incompetent evidence alone cannot be treated and held to be a reversible error.

This disposes of the first, second, third, fourth, and fifth assignments of error.

The sixth error assigned is, that the court erred in holding that plaintiff's action is barred by statute of limitations.

There is nothing in the journal entry by which it
appears that the court so held. The entry is as fol-
lows:

"Now on this 22d day of June, 1887, this cause came
on for hearing on the petition of the plaintiff and answer
of the defendant, and the evidence adduced in open court,
and the same is submitted to the court, in consideration
whereof the court doth find in favor of defendant. It is
therefore ordered and adjudged by the court," etc.

However, as we have said, it is shown that no assertion
of title or interest in the real estate in question has been
made by plaintiff or his grantors since the default in the
payment of the interest, and that during the time of the
default defendant Doty and his grantors have been in pos-
session and made valuable improvements on the land.
This possession was notice to plaintiff, not only of the title
under which defendant held, but that it was adverse to
plaintiff, plaintiff permitting defendant to go on under his
belief of title.

In *State v. Graham*, 21 Neb., at page 355 (a case similar
to this in some of its features), Judge MAXWELL, in writing
the opinion of the court, says: "These purchasers and
their assignees have held undisputed possession of said real
estate from the time of purchase until this date, and have
paid the interest on such purchase, and some of them have
paid in full and have made valuable improvements on the
land, and during all this time the relator has taken no steps
to assert his alleged rights to said premises. In effect he
has stood by, and by his silence said to said purchasers and
their assignees that he had no claim upon the property." It
was held in that case that he could not recover. Not only
have defendants had possession of the real estate and made
valuable improvements thereon, but they have expended
their money in the payment of interest as it accrued.

In *Smith v. White*, relied upon by appellant, it is said
that, "The payment of purchase money is a condition prec-

cdent which must be fully performed on the part of the purchaser to entitle him to an estate in fee; but the mere failure of a purchaser to pay the interest at the time 'it becomes due, will not of itself forfeit the estate of a purchaser in the land. The statute requires notice to be given by the county treasurer to the purchaser, stating the delinquency complained of," etc.

This is no doubt a correct statement of the law, and were there no questions of estoppel, or of vested rights in favor of the defendant, it would be applicable here, and perhaps decisive of the case. It is a familiar principle, and almost axiomatic, that when a plaintiff enters a court of equity for the enforcement of a right, he must present an equitable case—one in which the right is clearly with him and the wrong with the defendant.

It would be manifestly against equity for a court of justice to sanction the practice of a purchaser under circumstances, as in this case, to ignore his contract with the state, refuse to pay the interest due upon his contract, and by his action say to the world that he claimed no further interest in the land, and then, when made valuable by improvement or by the increase of the value of real estate, assert his title, to the detriment of those who had acted in good faith and relied upon his abandonment of his purchase. As said in *Richardson v. Pratt*, 20 Neb., 203: "It was never intended by the legislature that the purchaser of school lands should be permitted to lie by for years to ascertain whether the purchase would be a profitable one or not; and if profitable, insist on performance of the contract; and if not, then abandon it. He must act in good faith and use reasonable diligence in making payments of interest."

The decision of the district court was correct, under the former rulings of this court, as well as under the clear intent and purpose of the law of this state. It violated no principle of equity, but, upon the contrary, is in full

accord with fundamental, equitable principles, and is not in conflict with the decision in *Smith v. White.*

It is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.