J. S. BILBY v. J. F. TOWNSEND.

[FILED MARCH 26, 1890.]

1. **Replevin: DESCRIPTION OF PROPERTY.** The matter in dispute is whether or not two bay mares, named "Kit" and "Jule," were in controversy in an action of replevin, it being contended by the plaintiff that he never took possession of them under the writ, and for that reason the defendant could not have a return thereof. *Held,* That although the mares in question were not described in the petition by the names stated, yet they were properly described therein as "two bay mares five years old."

2. **Review: TRIAL TO COURT: EVIDENCE.** Where a jury is waived and the cause tried to the court, the objections to evidence will not be ground for the reversal of the judgment, provided the judgment is based on lawful and proper evidence.

ERROR to the district court for Johnson county. Tried below before CHAPMAN, J.

*R. W. Sabin,* for plaintiff in error.

*S. P. Davidson, contra.*

MAXWELL, J.

This is an action of replevin brought by the plaintiff against the defendant to recover the possession of "two bay mares about ten years old; one bay mare about seven years old; one bay mare nine years old, and one bay horse about six years old; one horse mule, seven years old; a bay yearling colt (horse), one year old; one bay mare (mule), one year old; one bay mule, one year old; one black horse mule, one year old; one sorrel mare, six years old; one black mare, eight years old; two bay mares, five years old; one black horse mule, one year old."

The answer is a general denial and a claim on behalf of

the defendant that he was entitled to the possession of said property by virtue of a chattel mortgage. There is also an answer of the receiver in the case of *Wishart v. Hughes*, which need not be noticed. There is also a disclaimer by Townsend of "all right of property or right of possession in and to all the property in controversy herein, except two mares called 'Kit' and 'Jude,' or 'Jule;' one black horse about nine years old, and one certain bay horse called 'Frank.'"

On the trial of the cause a jury was waived and the court found the facts as follows : "For the defendant Townsend generally, as to the black horse, and two bay mares called 'Kit' and 'Jule,' in controversy; that the value of said defendant's possession then was $300; that the value of said black horse and two bay mares then was $300; and at the commencement of this suit said black horse and two bay mares were taken under the order of replevin herein from defendant Townsend, and have been delivered thereunder to plaintiff, who has since wrongfully detained the same. The court further finds plaintiff was entitled to possession of the bay horse called ' Frank,'" etc.

It is claimed on behalf of plaintiff that two bay mares named 'Kit' and ' Jule' were not in controversy in the action, and the defendant did not have possession of them and the plaintiff did not take possession of them, and for that reason the defendant was not entitled to a return thereof. It is true that bay mares of the names stated are not so described in the petition. There is the description, however, "two bay mares five years old," which, so far as we can see from the testimony, applies to the animals in dispute. While there is some conflict in the testimony on this point it is evident that these are the mares named, and the evidence is sufficient to sustain the judgment of the court below.

The second objection is to the introduction in evidence of the copy of a book entry between Wishart and Hughes;

but this being a trial to the court alone, error cannot be predicated on the mere admission of evidence, the presumption being that the court based its decision upon lawful and competent evidence, and where it is evident, as in this case, that the judgment is fully supported by such evidence it will not be disturbed.

The judgment is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.