JOHN STABLER ET AL. v. HENRY GUND ET AL.

[FILED NOVEMBER 10, 1892.]

1. **Review:** FAILURE TO FILE BRIEFS: SUBMISSION OF CAUSE
WITHOUT ARGUMENT. Where a cause brought to this court
upon appeal or petition in error is submitted upon the record and
bill of exceptions without either a brief or oral argument, the
judgment, ordinarily, will be affirmed without an investigation
of the questions presented.

2. **Conditional Order for Payment of Money:** ACTION
AGAINST ACCEPTOR: PLEADING. In an action by a payee
against the acceptor of a conditional order for the payment of
money, the plaintiff must aver and prove that the conditions
stipulated in the order have been fulfilled in order to entitle him
to recover.

3. **Trial to Court:** HARMLESS ERROR: THE ADMISSION OF IL-
LEGAL EVIDENCE in a cause tried to a court without a jury is
not sufficient ground for the reversal of the judgment.

ERROR to the district court for Phelps county. Tried
below before GASLIN, J.

*Hall & Patrick,* for plaintiffs in error.

*Case & McNeny, contra.*

NORVAL, J.

Plaintiffs in error were engaged in business under the
name of the Nebraska Manufacturing Company, and de-
fendants in error were engaged in the banking business
under the name and style of the Webster County Bank.
On the 15th day of December, 1884, the firm of Schunk
& Mouser, composed of J. Schunk and L. D. Mouser, was
indebted to plaintiffs in error for goods, wares, and mer-
chandise sold and delivered, to the amount of several
hundred dollars, a part of which indebtedness was evi-
denced by four promissory notes, and the balance was on

book account.    For the purpose of securing the payment
of such indebtedness, Schunk & Mouser executed and
delivered to plaintiffs the following order :

"BLUE HILL, NEB., Dec. 15, 1884.

"*Webster County Bank, Blue Hill, Neb.*

"Please pay to the Nebraska Manufacturing Co., of
Lincoln, Nebraska, the amount we owe them, consisting of
the following notes and book account, out of the first col-
laterals you hold belonging to us, after the amount we
owe you is paid. [Here follows a description of the four
notes and the account.] Amounting in all with interest to
about $598.                        SCHUNK & MOUSER.

"J. SCHUNK.

"L. D. MOUSER.

"Witness : E. L. MORSE."

Upon the face of said order is written the following
acceptance: "December 15, 1884.   Accepted.   Webster
Co. Bank, E. L. Morse, Asst. Cashier."

Action was brought in the court below upon said accept-
ance, the plaintiffs alleging that at the time of the giving
of said order and the acceptance thereof, defendants had in
their possession and under their control a large number of
notes, accounts, and securities belonging to the firm of
Schunk & Mouser, which were held by the bank as collat-
eral security for money due from said firm to the defend-
ants; that said indebtedness to said bank has since been
paid, and that defendants have in their possession a large
amount of notes, accounts, and securities belonging to said
Schunk & Mouser, over and above the indebtedness of
said firm to the bank.   The prayer is for judgment for
$498 and interest.   The answer to the petition is, in effect,
a general denial.   There was a trial to the court, with
finding and judgment for the defendants.

The cause is submitted to this court upon the record and
bill of exceptions, without either brief or oral argument to
aid us in reaching a proper conclusion.   This court is bur-

dened with business, and counsel bringing cases here for
review should file briefs of the points and authorities relied
upon for a reversal of the judgment. A case that does not
possess sufficient merit to demand the filing of briefs is of
too little importance to occupy the time of the court in its
consideration, and in the future such cases, ordinarily, will
be affirmed without an investigation of the questions pre-
sented.

The first assignment in the petition in error, that the
judgment is not sustained by sufficient evidence, must be
overruled. The order directing the bank to pay the in-
debtedness of the drawers to plaintiffs was conditional and
not absolute. It was to be paid out of the first moneys
arising from the collection of the collaterals held by the
bank belonging to the drawers after their indebtedness to
the bank was liquidated. There is not a syllable of testi-
mony tending to show that any sum has been paid upon
the collaterals in excess of the claim of the bank, for the
payment of which they were held as security. Clearly
such proof was necessary to establish the liability of the
defendants. By their acceptance of the order they only
agreed to pay the amount collected by them in excess of
the sum due them from the drawers. Not only is there a
failure of proof, but the petition fails to state a cause of
action, in that it contains no averment that anything has
been collected upon the collaterals by the bank in excess of
the amount due it from Schunk & Mouser.

Complaint is made because the court permitted defend-
ants to prove that they held no collaterals belonging to the
drawers of the order at the time the same was given, nor
since. We think this testimony was inadmissible because
it tended to impeach or contradict the written order, by the
acceptance of which defendants admitted that they held in
their possession securities owned by Schunk & Mouser.
They were estopped to deny the recitals in the order.
While the testimony to which we have referred was im-

properly received, the judgment for that reason will not be reversed. Had it been excluded it could not have changed the result, therefore was not prejudicial to the plaintiffs. Again it has been often held by this court that the admission of irrelevant testimony in a cause tried to a court without a jury is not ground for the reversal of the judgment. (*Enyeart v. Davis*, 17 Neb., 228; *Ward v. Parlin*, 30 Id., 376.)

The third ground in the petition in error is "errors of law occurring at the trial duly excepted to." This is too general to be considered. It is a sufficient assignment in a motion for a new trial, because made so by statute, but in a petition in error the grounds upon which it is asked that the judgment be reversed must be specifically stated. The judgment is clearly right and is

AFFIRMED.

THE other judges concur.