COMMERCIAL NATIONAL BANK OF ST. PAUL, MINNE-
SOTA, v. JOHN W. BRILL ET AL.

FILED SEPTEMBER 20, 1893.   No. 4984.

1. **Negotiable Instruments:** AUTHORITY OF SECRETARY OF
CORPORATION TO TRANSFER: VALIDITY OF INDORSEMENTS:
EVIDENCE.   Where a bank has an arrangement with a corpora-
tion whereby the bank agrees to discount notes held by the cor-
poration, and in pursuance of such agreement such notes have
customarily been brought to the bank and been negotiated by
the secretary of the corporation, such facts are sufficient evidence
of the authority of the secretary to transfer a particular note
and of the genuineness of the indorsement upon such note, the
proceeds of the note having been placed by the bank to the cor-
poration's credit, and paid out on the corporation's checks.

2. ———: ———: ———: THE DECLARATIONS OF OFFICERS of
such corporation, made after the transfer to the bank, are inad-
missible in a suit by the bank against the makers of the note,
for the purpose of showing want of authority in the secretary to
make the transfer.

3. **Verdict Supported by Incompetent Evidence:** REVIEW.
Where incompetent evidence is admitted against objections, but
the admission of such evidence is not specifically assigned as
error, this court will nevertheless disregard such incompetent
evidence in considering the question whether the verdict is sus-
tained by the evidence.

ERROR from the district court of Cuming county. Tried
below before NORRIS, J.

*M. McLaughlin,* for plaintiff in error.

*C. C. McNish,* contra.

IRVINE, C.

The plaintiff in error brought this action in the district
court of Cuming county to recover from the defendants in
error upon a promissory note for $315, made to the order

of the J. H. Mahler Company, and by that company in-
dorsed to plaintiff.   The defendants admitted the execution
of the note but alleged that it had been procured from them
by the Mahler Company by fraud and without considera-
tion, and that one Miller, the secretary of the Mahler Com-
pany, had, without authority from that company, delivered
the note to the plaintiff, and that the plaintiff knew that
Miller had no authority to transfer the note.   The plaintiff
in reply denied the affirmative allegations of the answer,
and pleaded that it was a *bona fide* purchaser for value be-
fore maturity.

The case was argued largely upon the question as to
whether or not the bank took the note with notice of the
fraud alleged.   It will be observed, however, that the pre-
cise issue tendered and joined was as to the transfer of the
note to the bank and the authority of the officer making
the same.

Upon the part of the bank, its cashier testified that he
bought the note for the bank in the ordinary course of
business without notice of any of the relations existing
between the Mahler Company and the makers; that the
bank had arrangements with the Mahler Company by which
it agreed to discount notes held by the Mahler Company,
not to exceed at any time $25,000; that this note was taken
under that agreement; its proceeds placed to the credit of
the Mahler Company and checked out by that company.
He further testified that Miller, the secretary of the Mahler
Company, presented most of the notes for discount.   This
note bears an indorsement as follows: "J. H. Mahler
Company, per J. H. Mahler, Prest."

While the secretary of a corporation has not, merely by
virtue of his office, authority to negotiate notes held by the
corporation, it is well settled that if such an officer has been
permitted by the directors to negotiate notes, or if the com-
pany acquiesce in and receive the benefit of such acts, a
purchaser of a particular note, familiar with such facts,

may assume the officer's authority, and the corporation will not be permitted to set up a want of authority against such purchaser. (*Lester v. Webb*, 83 Mass., 34; *Partridge v. Badger*, 25 Barb. [N. Y.], 146; *Foster v. Ohio-Colorado Reduction & Mining Co.*, 17 Fed. Rep., 130.) The testimony of the cashier brings the case within this rule. There is no direct evidence of the genuineness of the indorsement itself, but the indorsement being regular in form, and the note having been brought to the bank by that officer of the company who customarily attended to such business, the indorsement must be taken as genuine. As against this testimony there is nothing except the testimony of one of the defendants and another witness as to admissions or statements made to them by the president and secretary of the Mahler Company long after the bank took the note. This testimony was clearly inadmissible against the bank. The admission of this evidence, although there were proper objections and exceptions, is not specifically assigned as error in the petition in error; but it is assigned as error that the verdict is not sustained by the evidence, and the court, in passing upon that assignment, will not consider incompetent evidence admitted over proper objections and exceptions. The bank having made a *prima facie* case which was not disputed except by such incompetent evidence, there was no evidence sufficient to sustain the verdict in favor of the defendants.

REVERSED AND REMANDED.

THE other commissioners concur.