CHRISTIAN LIHS v. AUGUST LIHS.

FILED MARCH 5, 1895.   No. 6057.

1. Witnesses: HUSBAND AND WIFE: CANCELLATION OF DEED.
Under the statutes of this state a wife cannot be examined as a
witness against her husband, over his objection, in a suit brought
by the latter against his son to obtain the rescission of a deed
alleged to have been executed by the father to the son upon a
condition subsequent.

2. Trial to Court: ADMISSION OF INCOMPETENT TESTIMONY:
HARMLESS ERROR. The admission of the testimony of a dis-
qualified witness, over objections and exceptions, in a trial to
the court without the intervention of a jury, is not sufficient
ground for reversal, if sufficient material and competent evidence
was admitted to support the finding and judgment.

3. Review: CONFLICTING EVIDENCE. Where the evidence is con-
flicting, but sufficient competent evidence is in the record to
support the finding, the judgment will not be set aside by a re-
viewing court.

ERROR from the district court of Cedar county. Tried
below before NORRIS, J.

*Wilbur F. Bryant*, for plaintiff in error.

NORVAL, C. J.

This was a suit by Christian Lihs against August Lihs
and Ernestine Lihs to procure the rescission of a convey-
ance of one hundred and sixty acres of land in Cedar
county, theretofore alleged to have been executed by the
the plaintiff to August Lihs upon a condition subsequent.
The amended petition alleges, in substance, that on the 19th
day of December, 1882, plaintiff was the owner in fee of
the land in dispute, and occupied the same, together with
his wife, the said Ernestine, his son, the said August, and
an unmarried daughter, as a homestead; that on said date
the plaintiff and his said wife conveyed to the defendant,

August Lihs, said premises by deed of general warranty in consideration that the plaintiff, his wife, his unmarried daughter, and his said son should remain upon said premises, and occupy the same as a home, and that said August should support and maintain plaintiff and his wife during their natural lives; that the defendant, August Lihs, on the 19th day of July, 1887, combining and confederating with his mother, and without any valid excuse or provocation, drove the plaintiff from the premises, and ordered him never to return, and since said time said August has refused the plaintiff a home and shelter upon said premises and refuses him support and maintenance, although the plaintiff, by reason of his being aged and infirm, is unable to support himself. The prayer for relief is as follows: "Wherefore the plaintiff prays that the defendant, August Lihs, be required to reconvey the said premises to the said plaintiff, and that the title to the same may be confirmed in the said plaintiff and quieted in him, and for such other and further relief as justice and equity may require." The defendant, August Lihs, for answer, admitted plaintiff was the owner of the land and conveyed the same by deed of general warranty to August, and denied all other allegations contained in the amended petition. For further answer it is alleged "that neither this defendant nor any person authorized by him or the plaintiff ever made, entered into, or signed any contract, agreement, or memorandum thereof, in writing for the sale of said premises or any part thereof, other than the deed aforesaid; that said deed was made upon a good and valuable consideration, but was made on the part of said plaintiff with the intention to defraud, hinder, and delay creditors of the plaintiff and persons about to become creditors of the plaintiff." Plaintiff replied by a general denial. The defendant Ernestine Lihs demurred to the amended petition, which was sustained by the court, and the plaintiff having elected to stand upon his pleading, the court dismissed the action as

to the defendant Ernestine.    The cause proceeded to trial
against the son alone, and the court found the issues joined
against the plaintiff, and dismissed the bill.    A motion for
a new trial was overruled, to which an exception was taken
by the plaintiff, and he prosecutes error to this court.

After the plaintiff had introduced his proof the defend-
ant called Ernestine Lihs, the wife of the plaintiff, as a
witness in his behalf, and she was sworn, and testified in
effect that at and prior to the time the deed was executed
by herself and husband, there was no agreement or con-
tract entered into whereby August covenanted to support
and maintain the plaintiff and his wife so long as they
should live, or that they were to remain upon the farm;
that the plaintiff had shot and injured Mr. Lentz' boy;
that a suit for damages against the plaintiff was, by reason
thereof, anticipated, and that was the inducement for mak-
ing the deed.    Counsel for the plaintiff objected at the
time to Mrs. Lihs testifying, on the ground that she is in-
competent to testify against her husband, which objection
was overruled by the court, and an exception was taken to
the decision.    This is the sole error relied upon for reversal
of the judgment.

Section 331 of the Code of Civil Procedure declares:
" The husband can in no case be a witness against the wife,
nor the wife against the husband, except in a criminal pro-
ceeding for a crime committed by one against the other, but
they may in all criminal prosecutions be witnesses for each
other."

The foregoing provision was under consideration in *Ni-
land v. Kalish*, 37 Neb., 47, and *Greene v. Greene*, 42 Neb.,
634.    The first case was an action by the creditors of Solo-
man Kalish to set aside conveyances claimed to have been
fraudulently made by him to his wife.    It was held that it
was incompetent for Mrs. Kalish to testify against her hus-
band, without his consent, as to facts tending to show the
transfer was voluntary and fraudulent as to the creditors of

the husband. The second case was an action by a husband against the wife for the specific performance of a contract for the conveyance of real estate. It was ruled that the statute above quoted prohibited the husband from being examined as a witness against his wife over her objection. In the case at bar the wife was not called as a witness by the husband, but her testimony was against him, and, therefore, under the statute and the decisions mentioned above was clearly incompetent, and should have been excluded. True, she was not, at the time of the trial, a party to the record, but that does not change the rule. That fact is a stronger reason, it seems to us, why her testimony should not have been received. Section 328 of the Civil Code provides: "Every human being of sufficient capacity to understand the obligation of an oath, is a competent witness in all cases, civil and criminal, except as otherwise herein declared. The following persons shall be incompetent to testify. * * * Third—Husband and wife, concerning any communication made by one to the other during marriage, whether called as a witness while that relation subsisted or afterwards," etc. Section 332 declares: "Neither husband nor wife can be examined in any case as to any communication made by the one to the other while married, nor shall they, after the marriage relation ceases, be permitted to reveal in testimony, any such communication made while the marriage subsisted." It is too plain to admit of argument that neither husband nor wife can give testimony relating to communications between them, nor can either the husband or wife testify, one against the other, in a case like the one at bar.

It only remains to be determined whether the judgment should be reversed for the error committed by the district court in permitting Mrs. Lihs to testify in the case. This court has repeatedly said that a cause tried to the court without the intervention of a jury will not be reversed for the admission of incompetent or irrelevant testimony alone.

(*Enyeart v. Davis*, 17 Neb., 228; *McConahey v. McConahey*, 21 Neb., 463; *Willard v. Foster*, 24 Neb., 213; *Sharmer v. Johnson*, 43 Neb., 509; *Stabler v. Gund*, 35 Neb., 648; *Tower v. Fetz*, 26 Neb., 710; *Ward v. Parlin*, 30 Neb., 376; *Dewey v. Allgire*, 37 Neb., 6; *Liverpool & London & Globe Ins. Co. v. Buckstaff*, 38 Neb., 146; *Courcamp v. Weber*, 39 Neb., 538; *Whipple v. Fowler*, 41 Neb., 675.) The rule in this state is that where the record discloses sufficient legal and competent evidence to sustain the finding, the judgment in a case where there was a trial without a jury will not be disturbed on the ground that the court admitted, over the objection of the party complaining, immaterial or incompetent evidence. (*Richardson v. Doty*, 25 Neb., 420; *Bilby v. Townsend*, 29 Neb., 220; *Commercial Nat. Bank of St. Paul v. Brill*, 37 Neb., 626.) The same rule prevails where an incompetent witness is permitted to testify, over proper objections and exceptions, in a cause where a jury is waived. The admission of the testimony of such a witness will not of itself work a reversal, but this court on a review of the cause will disregard such testimony in passing upon the question whether the evidence supports the findings of the trial court, and if found that the judgment is not sustained by sufficient competent evidence, it will be set aside. (*Commercial Nat. Bank v. Brill, supra.*) The defendant, August Lihs, and Ella Dycus, the married daughter of the plaintiff, each testified that there was no agreement or understanding to the effect that August should support his father in consideration of the conveying of the land to the son, but that the deed was made for the sole purpose of preventing the farm from being taken by Mr. Lentz, in case he should obtain a judgment for damages against the plaintiff herein, for shooting Mr. Lentz' boy. The plaintiff while upon the witness stand admitted that he executed the deed for that purpose. The evidence bearing upon the question whether the conveyance was made upon the condition that the son should

support his father, that the latter should remain upon the land, and that he was driven off by the defendant, is conflicting. Yet, disregarding the testimony of Mrs. Lihs, as we must, still there was sufficient proof in the record upon which to base a finding for the defendant. The judgment is, therefore,

AFFIRMED.