CLARK IMPLEMENT COMPANY, APPELLEE, V. JOHN L. WILTFANG, APPELLANT.

FILED NOVEMBER 16, 1910. No. 16,184.

Appeal: AFFIRMANCE. When a cause is tried to the court without the intervention of a jury, the judgment will not be reversed on the ground of the admission of immaterial or incompetent evidence, if sufficient material and competent evidence was introduced and admitted to sustain the finding of the court.

APPEAL from the district court for Otoe county: HARVEY D. TRAVIS, JUDGE. *Affirmed on condition.*

W. F. Moran, for appellant.

D. W. Livingston, contra.

LETTON, J.

This is an action in replevin. The petition as amended alleges that the plaintiff has a special property in a threshing machine separator, and other threshing machinery, by virtue of a chattel mortgage executed by the defendant in favor of the plaintiff to secure the sum of $250, payable on the 1st day of October, 1907, and three other notes falling due at later periods; that the defendant has failed to pay the note due October 1, 1907, and thereby has broken the condition of the mortgage; that demand was duly made for the possession of the property, but that defendant refused to deliver the same, to plaintiff's damage in the sum of $150. The plaintiff also pleaded that under the terms of the mortgage, upon default in the payment of any of the notes, all the notes might at the option of the mortgagee become immediately due and payable, and that the plaintiff elected to exercise this option and declared the whole debt due and payable. The answer was a general denial, except that defendant admitted the value of the property to be $1,500, as alleged in the plaintiff's petition. The case was tried to the court without the intervention of a jury, by agreement.

The court found that the plaintiff had a special inter-

est in the property by virtue of the chattel mortgage described, and was entitled to the immediate possession of the same, found that plaintiff's damages were 70 cents, and rendered judgment accordingly. A motion for a new trial was filed, the first four assignments of which were the usual formal assignments that the "verdict was not sustained by the evidence," "is contrary to the evidence," "is contrary to law," and for "errors of law occurring at the trial." The next five assignments are with respect to the admission in evidence of certain exhibits. The tenth assignment is that the court erred in not rendering judgment in favor of the defendant and against the plaintiff for the return of the property, or the value thereof in excess of the amount of the note first due. The same assignments of error are made in the brief. No oral argument was had.

1. It is stated in the defendant's brief that he asked the court to find the value of plaintiff's special ownership in the property, which the court refused to do. We have examined the record and find no such request.

2. It is next contended that the court erred in admitting certain exhibits in evidence. We have repeatedly held that, "when a cause is tried to the court without the intervention of a jury, the judgment will not be reversed on the ground of the admission of immaterial or incompetent evidence, if sufficient material and competent evidence was introduced and admitted to sustain the finding of the court." Richardson v. Doty, 25 Neb. 420. Dewey v. Allgire, 37 Neb. 6; Lihs v. Lihs, 44 Neb. 143. This point, therefore, is unavailing.

3. It is next argued that the evidence does not sustain the judgment for 70 cents damages. This item was for telephone charges incurred in instructing an attorney to bring this action. We think this was not a proper element of damage, but that, since plaintiff was entitled to nominal damages in any event, this error is not prejudicial to an extent worthy of notice, beyond requiring the plaintiff to remit the excess of 65 cents as a condition of affirmance.

The defendant moved for a judgment in his favor for $1,500, less the amount of the first note, or the return of the property, less the amount of this note. This motion was properly overruled. Under the conditions of the mortgage the whole debt became due and payable at the option of the mortgagee if default was made in the payment of any of the notes secured thereby. It exercised that option and attempted to take the property upon default. The taking being resisted, this action was brought to recover possession.

We find no error prejudicial to defendant in the record, and the judgment of the district court is affirmed, if plaintiff remits the sum of 65 cents within 30 days. Costs taxed to appellant.

AFFIRMED.