Security State Bank v. Brown.

SECURITY STATE BANK OF ARNOLD, APPELLEE, v. CHARLES W. BROWN, APPELLANT.

FILED APRIL 21, 1923. No. 22348.

1. **Bills and Notes:** BONA FIDE PURCHASER. Where a note, at the time of its purchase, is not stamped as required by the revenue laws of the United States, such failure to stamp does not destroy its negotiability, but is a circumstance to be considered in connection with all the other evidence in the case in determining whether or not the indorsee is in fact a holder in due course.

2. **Depositions:** IRRELEVANT MATTER. Where a deposition was taken and filed, covering several matters not in controversy in the suit, and plaintiff offered all of the deposition covering the subject-matter of the suit, *held* not error for the court to refuse to require plaintiff to read other incompetent or irrelevant facts and statements therein contained.

3. **Principal and Agent:** AUTHORITY OF AGENT. Where an agent of the payee of a note had written authority to indorse the note, which said authority was exhibited to the indorsee before the purchase, and the evidence establishes that the agent had such authority and had previously negotiated notes in the same manner, and where the proceeds of the note were placed by the bank to the payee's credit and paid out on order of the payee of the note, *held* sufficient to establish the authority of the agent to indorse the note to the plaintiff bank.

4. **Bills and Notes:** BONA FIDE PURCHASER. The issuing of a negotiable certificate of deposit, especially where it has been negotiated to a holder in due course and subsequently paid, is parting with value.

5. ———: GOOD FAITH: QUESTION FOR JURY. Where ·plaintiff, an indorsee of a note, called as witnesses the officers who conducted the negotiation for the purchase of the note, who testified to their good faith in the purchase of the note, the question as to whether

that was sufficient proof of good faith on behalf of plaintiff was a question of fact for the jury.

6. **Instructions** examined and approved.

APPEAL from the district court for Logan county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Hoagland & Carr, Stewart, Perry & Stewart* and *W. T. Thompson,* for appellant.

*Cosgrave, Campbell & Ankeny, A. Moore Berry* and *Walter D. James, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and GOOD, JJ., BEGLEY, District Judge.

BEGLEY, District Judge.

Action to recover on a promissory note executed by defendant and purchased by plaintiff before maturity. The note was given to Sarvis Lumber Company in payment for certain shares of stock and by its agent, Perry Anthony, indorsed to plaintiff. Defendant admitted execution of the note, but alleged fraud in its inception. Plaintiff claimed to be a holder in due course. Trial was had to a jury in the district court for Logan county, Nebraska, and a verdict was returned for plaintiff, from a judgment on which the defendant has appealed.

It is first contended that the note was nonnegotiable because at the time it was purchased it was unstamped as required by the revenue laws of the United States, but such omission is only a circumstance to be considered with all the other evidence in the case in determining whether or not plaintiff was in fact a holder in due course.

The next error claimed is that the court erred in not requiring the plaintiff to read all of a deposition and in permitting it to offer only part thereof. It appears from the record that a deposition was taken covering several matters which were not in controversy in this suit. The plaintiff offered all of the deposition covering the subject-matter of this suit and defendant insisted on the whole

Security State Bank v. Brown.

deposition being read. The court ruled that, all that part of the deposition which related to the subject under consideration having been read, the reading of the remainder should not be required. In 18 C. J. 737, sec. 347, it is held: "A party introducing or reading a deposition in evidence may omit incompetent or irrelevant facts and statements therein contained, and answers that are not responsive, by direction of the court, or upon the court's deciding such facts or statements to be incompetent." Defendant made no offer to either have the evidence stricken out or to introduce the remainder of the deposition. We find no error in the court's ruling.

It is next contended that the agent of the payee had no authority to indorse the note to the plaintiff bank. The evidence shows that the agent had written authority to indorse the note, which was exhibited to plaintiff before the purchase. The president of the Sarvis Lumber Company testified that the agent had such authority and had previously negotiated notes in the same manner. Moreover, the proceeds of the note were placed by the bank to the credit of Sarvis Lumber Company and by them transferred and assigned to others, who drew them out. This evidence is sufficient to show the authority of the agent to indorse the note. Comp. St. 1922, sec. 4630; *Commercial Nat. Bank v. Brill,* 37 Neb. 626.

Defendant contends that the bank was not a holder in due course because it advanced no value for the note prior to notice of infirmities therein. When the note was taken by the plaintiff on April 16, 1919, it issued a negotiable certificate of deposit to Sarvis Lumber Company payable in one year. The certificate of deposit was negotiated to Bills & Cline, who presented it to plaintiff on May 3, 1919, and it was canceled and a new certificate of deposit issued in lieu thereof to Union Fire Insurance Company, which was paid when due. No evidence of fraud, collusion or bad faith is shown on the part of plaintiff in reissuing the certificate of deposit. The evidence is in dispute as to whether the plaintiff received

notice of any infirmity in the note prior to the time the same became due. The issuing of a negotiable certificate of deposit, especially where it has been negotiated to a holder in due course and subsequently paid, is parting with value. Brannan, Negotiable Instruments Law (3d ed.) sec. 52; *Elmore County Bank v. Avant,* 189 Ala. 418.

It is contended that the evidence is insufficient to support the findings of the jury because plaintiff failed to show that all the officers of the bank who took part in the negotiation for the purchase of the note acted in good faith and without notice of any defense or infirmity in the note. Defendant contends that C. W. Robinson, the assistant cashier, had some part in the transaction regarding the purchase of the note. He was a witness for plaintiff and his only evidence was that he affixed the stamps after the purchase. Failure of proof as to being a holder for value, like any other question of evidence, sometimes resolves itself into a question of law and at other times into a question of fact. In *Riverton State Bank v. Walker,* 107 Neb. 672, we held there was a failure of proof as a matter of law, where the defendant's evidence affirmatively showed bad faith on the part of the cashier who conducted negotiations for the purchase of the note, and who failed to deny the defendant's statements on the witness-stand; but in this case the plaintiff called as witnesses the persons who transacted the business which resulted in the negotiation of this note and there was testimony as to their good faith and no notice of any defenses to the note. Whether that was sufficient proof of good faith to satisfy the jury was a question of fact for the jury. *McLaughlin-Gormley-King Co. v. Hauser,* 195 Ia. 224.

Certain instructions of the trial court are criticized, but an examination of the instructions as a whole shows that the case was fairly submitted to the jury upon the theory advanced by defendant. By instruction No. 8 the jury were told that, if the defendant established the

defense of fraud in the inception of the note as alleged, the verdict should be for the defendant, unless plaintiff satisfied them by a preponderance of the evidence that it acquired said note as a *bona fide* holder in due course.

We find no error in the record, and the judgment of the district court is therefore

AFFIRMED.