CHARLES A. GLAZE v. WILLIAM N. PARCEL.

FILED JUNE 5, 1894.    No. 4952.

1. An assignment of error in a petition in error, that "the court erred in overruling the motion for a new trial," such motion containing five separate and distinct grounds, is too general, since it does not point out or suggest wherein the verdict and judgment were erroneous.

2. Where no exceptions were taken to instructions when read, they will not be reviewed.

3. Errors assigned in a petition in error will not be considered, unless pointed out in the briefs filed in this court.

ERROR from the district court of Lincoln county. Tried below before CHURCH, J.

*T. Fulton Gantt*, for plaintiff in error.

*William Neville* and *Grimes & Wilcox*, contra.

NORVAL, C. J.

This was an action in replevin brought by plaintiff in error before a justice of the peace to recover the possession

of ninety-one head of cattle. The property was taken under the writ, and possession thereof delivered to the plaintiff. The appraised value of the stock being in excess of the jurisdiction of a justice court, the cause was duly certified under the statute to the district court, where the issues were made up by the parties filing proper pleadings. A trial to a jury resulted in a verdict and judgment in favor of the defendant, and the plaintiff brings the record here, praying a reversal.

Prior to the introduction of any testimony, it was stipulated by the parties in open court that plaintiff was the owner of the cattle in controversy on and prior to the 12th day of December, 1889. On said date the cattle were delivered by plaintiff to the defendant, under and in pursuance of the following written agreement entered into between the parties:

"Article of agreement, between C. A. Glaze, party of the first part, and W. N. Parcel, of the second part, witnesseth: That in consideration of the following, that C. A. Glaze, of the first part, does hereby deliver unto the said W. N. Parcel ninety-one head of steers to be fed for the purpose of fattening, the ages of which are one and two-year-olds; the weight is at present sixty-eight thousand and eleven (68,011) pounds, on the basis of two and three-fourth cents per pound, which the said W. N. Parcel hereby agrees to allow the said C. A. Glaze five per cent, as interest on the principal; also that he will feed the cattle in good shape, the same as any prudent feeder would do, until such time as the cattle are in proper shape to ship to market, with the intention of obtaining the best results therefrom. Said cattle to be delivered and weighed at Wellfleet, Nebraska, then they are to be shipped and the expenses are to be paid equally by the foregoing parties. Then it is further agreed that, if the said cattle shall sell so as to net above three and one-fourth cents per pound in Wellfleet, then, in that case, the foregoing parties do hereby

agree to divide the profits equally, and in case they shall
not net three and one-fourth cents at Wellfleet, then the
loss is to be paid equally, the ownership of said cattle to
remain with the said C. A. Glaze until they are sold and
delivered, which is to be done by mutual consent, it being
understood that the two-year-olds are to be sold and de-
livered by the 1st of November, 1890, and the yearlings
to be sold and delivered by the 1st of August, 1891.

"Given under our hands this 12th day of December,
1889.                              C. A. GLAZE.
                              "WM. PARCEL.

"Witness:

        "C. C. HAWKINS."

The defendant, upon the trial in the lower court, con-
tended, and in his brief here insists, that he had an agister's
lien upon the cattle in controversy for their feed, and hence
was entitled to the possession of the stock.   The plaintiff,
on the other hand, argues that the defendant violated the
terms of the contract above set out, by attempting to ship,
without plaintiff's knowledge or consent, a large number of
the cattle to market as his own, and for that purpose, prior
to the bringing of this suit, had delivered the cattle at the
railroad station for shipment, and therefore by that for-
feited all rights under the contract, including the right of
possession of the cattle and the statutory lien for their
keep.   The jury by their verdict found against the latter
contention, and the determination of the question whether
there has been such a breach of the contract by the defend-
ant as to work a rescission thereof and to entitle plaintiff to
maintain replevin would necessitate an examination and
consideration of the evidence contained in the bill of ex-
ceptions.   We cannot review the testimony for the purpose
of ascertaining whether it supports the verdict, since the
point is not raised by the petition in error.   There are
eleven assignments of error in the petition in error, the
first and second are based upon the rulings of the trial

court on the admission and exclusion of testimony, the third to tenth inclusive relate to the giving of instructions, and the eleventh is in the following language: "The court erred in overruling a motion for a new trial." The motion for a new trial filed in the court below, a copy of which is in the record, discloses that it contained five separate and distinct grounds for a new trial. The eleventh, or last, assignment in the petition in error is therefore too general, and cannot be considered in this court. A petition in error must point out the particular ground or grounds of error relied upon for a reversal of the judgment.

It is claimed that the fourth paragraph of the court's charge is erroneous and misleading. No exception was taken to this, or any of the other instructions, at the time the charge was read, therefore the giving of the same cannot be reviewed. (*Levi v. Fred*, 38 Neb., 564.) For the same reason the third instruction, given at the request of the defendant, will not be considered.

The remaining errors assigned in the petition in error will not be referred to or discussed, since they have not been pointed out in the brief of the unsuccessful party.

JUDGMENT AFFIRMED.