FRANK S. PEARCE V. ALEXANDER S. McKAY.

FILED JUNE 18, 1895.    No. 5976.

1.. Trial: REVIEW.    The admission of incompetent or irrelevant testimony in a trial without a jury is not reversible error.

2. Pleadings: OBJECTIONS: REVIEW.   Objection that a pleading does not state sufficient facts to constitute a cause of action or defense not raised in the trial court, nor in the petition in error, will not ordinarily be reviewed.

3. Assignments of Error: NEW TRIAL.   An assignment in a petition in error for the denial of the motion for a new trial is bad which fails to specify to which of the several points made by the motion the assignment applies.

4. Review: CONFLICTING EVIDENCE.   Where the evidence is conflicting the findings of the trial court are conclusive.

ERROR from the district court of Saline county.   Tried below before BUSH, J.

A. A. Kendall and F. I. Foss, for plaintiff in error.

J. D. Pope and E. E. McGintie, contra.

NORVAL, C. J.

Plaintiff in error was plaintiff in the court below, and from a judgment dismissing the action he prosecutes error.

The first two assignments in the petition in error are based upon the admission of certain testimony given by the defendant, over the objections and exceptions of the plaintiff.   We will not here reproduce the testimony claimed to be objectionable, nor determine whether the same was improperly admitted.   Conceding, as contended, that the testimony was wrongfully received, it is not sufficient ground for reversal, inasmuch as the cause was tried to the court without a jury.   This is the established doctrine of this court, (*Enyeart v. Davis*, 17 Neb., 228; *McConahey v. McCona-*

*hey,* 21 Neb., 463 ; *Willard v. Foster,* 24 Neb., 213; *Richardson v. Doty,* 25 Neb., 424; *Ward v. Parlin,* 30 Neb., 376; *Stabler v. Gund,* 35 Neb., 651; *Whipple v. Fowler,* 41 Neb., 675.)

Complaint is made in the brief that the answer does not state sufficient facts to constitute a defense to the action. This objection was not raised in the court below, nor in the petition in error, hence the objection will not be considered by us. Errors relied upon for a reversal must be specifically assigned in the petition in error.

The next assignment that the court erred in denying the plaintiff's motion for a new trial is insufficient, because it fails to specify to which of the several points contained in the motion the assignment refers. (*Glaze v. Parcel,* 40 Neb., 732.)

It is finally insisted that the findings and judgment are not sustained by sufficient evidence. The record discloses that in December, 1888, the plaintiff in error and one William J. Armstrong formed a partnership under the name of Armstrong & Pearce, for the purpose of buying, feeding, and selling cattle and hogs, the place of business agreed upon being Palmer, Nebraska. By the terms of the partnership, the parties were to share the profits and losses equally. Armstrong put into the venture $150, and Pearce nothing. The partnership continued until some time in January, 1889, when Armstrong died, leaving plaintiff the sole surviving partner. At the time of Armstrong's death the firm was indebted to the Deposit Bank of Palmer, for moneys loaned, in the sum of several hundred dollars, and there was also due the partnership from Parkhurst, Hooper & Parker, of South Omaha, for hogs consigned to and sold by them, an amount aggregating more than $500. The aforesaid bank held the bill of lading for the shipment of stock by Armstrong & Pearce to the South Omaha firm. Armstrong was a nephew of the defendant McKay, and during the last illness of the former he requested the latter to look after and settle up his business

affairs. Afterwards, McKay, through the law firm of
Hall, McCulloch & English, brought suit in the county
court of Douglas county in the name of Frank S. Pearce,
as surviving partner of the firm of Armstrong & Pearce,
against Parkhurst, Hooper & Parker to recover the amount
of their indebtedness aforesaid, where judgment was ob-
tained against the defendants therein in the sum of $530.33,
which was subsequently paid, and the amount thereof,
less $114, the fees and expenses of said attorneys, was re-
mitted to McKay. It is to recover the amount thus col-
lected that this suit was brought. It is shown by uncon-
tradicted testimony that the defendant expended in the
prosecution of said action in the county court $31; that
the bank at Palmer, after the death of Armstrong, began
to urge the payment of the amount due it; that plaintiff
being insolvent could not pay the same, and the only as-
sets of the firm of Armstrong & Pearce was the amount
due it from the South Omaha commission men; that Mc-
Kay paid or deposited in said bank of his own money the
sum of $420, to be applied on the indebtedness of Arm-
strong & Pearce to the bank, which has never been repaid
the defendant. The suit brought by McKay was with
the knowledge and consent of plaintiff. In fact the record
discloses that it was upon the testimony of the latter the
judgment against Parkhurst, Hooker & Parker was ob-
tained. Although the evidence is conflicting, it strongly
tends to establish that the $420 paid the bank by the de-
fendant was with the plaintiff's consent, and that it was
the understanding of both parties that McKay was to be
reimbursed for the amount thereof out of the money which
should be collected by him from the South Omaha parties.
The net sum received by defendant on the judgment is not
sufficient for that purpose. After a careful review of the
evidence we are persuaded that, while it is very conflicting,
it is ample to support the findings. Judgment is

AFFIRMED.