BEN M. SIGLER v. SARAH MCCONNELL.

FILED JUNE 21, 1895. No. 6405.

1. **Admission of Evidence**: ASSIGNMENTS OF ERROR. An assignment of error here that the district court erred in admitting the evidence of a named witness will be overruled if any of the evidence of said witness was properly received.

2. **Instructions**: ASSIGNMENTS OF ERROR. An assignment of error that the district court erred in giving or refusing certain instructions will be overruled where it appears from the record that no exception was taken to the action of the court in giving or refusing the instructions complained of.

3. **Order Overruling Motion for New Trial**: ASSIGNMENTS OF ERROR. An assignment of error in a petition in error that the court erred in overruling the motion for a new trial, such motion containing seven separate and distinct grounds, is too general, since it does not point out or suggest wherein the verdict and judgment were erroneous. *Glaze v. Parcel*, 40 Neb., 732, followed.

ERROR from the district court of Lincoln county. Tried below before NEVILLE, J.

*T. Fulton Gantt* and *Joseph G. Beeler*, for plaintiff in error.

*Grimes & Wilcox, contra.*

RAGAN, C.

Sections 108 and 109, chapter 78, Compiled Statutes, 1893, provide:

"Section 108. That from and after the passage of this act it shall be unlawful for any person to build a barbed wire fence across or in any plain traveled road or track in common use, either public or private, in this state, without first putting up sufficient guards to prevent either man or beast from running into said fence.

"Sec. 109. Any person violating the provisions of the foregoing section shall be guilty of a misdemeanor and fined not less than five dollars nor more than twenty-five dollars, and shall be liable for all damages that may accrue to the party damaged by reason of said barbed wire fence."

Ben M. Sigler sued Sarah McConnell in the district court of Lincoln county, and alleged in his petition that on the 19th of June, 1892, McConnell had built a barbed wire fence on the north line of her land across and in a plain traveled road in common use without putting up any guards "whatsoever as required by law;" that on the night of said 19th of June, Sigler was driving a span of horses attached to a buggy upon said "plain traveled road" and one of said horses became entangled in said barbed wire fence and was injured, for which injury he prayed damages. The answer of McConnell admitted the building of the fence; pleaded that the injury to Sigler's horse was the result of his own negligence, and denied all the other allegations in the petition. There was a trial to a jury, with a verdict and judgment in favor of McConnell, and Sigler prosecutes to this court a petition in error.

1. The first assignment of error is that "the court erred

in admitting the evidence of the witness John McConnell."
Under any view of the case some of the evidence given by
this witness was competent and proper; and again, it ap-
pears from an examination of the bill of exceptions that
no objection was made by Sigler on the trial to any of the
evidence of this witness. The assignment must therefore
be overruled.

2. The second assignment is that the court erred in giv-
ing the second, third, fourth, fifth, and sixth paragraphs of
the instructions given by the court on its own motion.
Some of these instructions were properly given, and as the
assignment is that the court erred in giving all of them,
we cannot consider it any further than to ascertain whether
any one of the instructions objected to was properly given.
Again, it appears from the transcript that Sigler took no
exception to the giving of either of the instructions com-
plained of at the time they were given. The assignment,
then, must fail.

3. The third assignment is that the court erred in giving
the fifth and sixth paragraphs of the instructions asked by
McConnell. What has been said under the second assign-
ment of error is applicable to this; and for the same rea-
son the assignment must be overruled.

4. The remaining assignment is that the court erred in
overruling the motion for a new trial. In *Glaze v. Parcel,*
40 Neb., 732, it was held: "An assignment of error in a
petition in error, that 'the court erred in overruling the
motion for a new trial,' such motion containing five sepa-
rate and distinct grounds, is too general, since it does not
point out or suggest wherein the verdict and judgment were
erroneous." In the case at bar the motion contained seven
distinct grounds; and it further appears from the record
that Sigler took no exception to the order of the court over-
ruling his motion for a new trial.

The petition in error presents nothing for review. The
judgment of the district court is

                                        AFFIRMED.