JAMES CONWAY v. J. C. GRIMES.

FILED NOVEMBER 7, 1895. No. 5176.

1. Bill of Exceptions: TIME TO PRESENT: LACHES: SETTLEMENT: MOTION TO QUASH. A case was tried and a verdict rendered October 9, 1891. On the 14th of the same month a motion for a new trial was overruled, judgment rendered, and forty days given defendant to reduce his exceptions to writing and present them to plaintiff. November 18, following, the proposed bill of exceptions was presented to plaintiff, who, on the 24th of the same month, returned it without suggestion of amendment. September 21, 1892, the trial judge signed the bill of exceptions, certifying that it was then first presented to him. The record did not disclose any reason for the delay, nor did it show when the term of court, at which the judgment was rendered and a motion for a new trial was overruled, adjourned *sine die. Held*, (1) That by virtue of section 311 of the Code of Civil Procedure and the order of the court, that the plaintiff in error was required to present his proposed bill of exceptions to the trial judge for settlement within sixty days after the adjournment *sine die* of the term of court at which the motion for a new trial was overruled and judgment rendered (*Sherwin v. O'Connor*, 23 Neb., 221, followed); (2) that the presumption would not be indulged that such term of court was not finally adjourned prior to the 23d day of July, 1892; (3) that a motion to quash the bill of exceptions because not presented to the trial judge for settlement within the time required by law should be sustained.

2. ———. When a bill of exceptions has been quashed it cannot be examined for any purpose. *Jones v. Wolfe*, 42 Neb., 272, followed.

Error from the district court of Johnson county. Tried below before Broady, J.

*A. M. Appelget* and *T. Appelget*, for plaintiff in error.

*L. C. Chapman, contra.*

Ragan, C.

J. C. Grimes brought this suit, an action in replevin, in the district court of Johnson county against James Conway. Grimes had a verdict and judgment, and Conway prosecutes to this court a proceeding in error.

The defendant in error has filed a motion to quash the bill of exceptions on the ground that the bill was not presented to and signed by the trial judge within the time required by the statute. The case was tried without a jury on the 9th day of October, 1891, and on the 14th of the same month Conway's motion for a new trial was overruled and judgment rendered in favor of Grimes. At the same time the court gave Conway forty days from the adjournment of that term of court *sine die* to reduce his exceptions to writing and present them to the opposite party. Conway reduced his exceptions to writing and presented them to Grimes' counsel on the 18th of November, 1891. On the 24th of said month counsel for Grimes returned the proposed bill of exceptions without suggestion of amendment. The record does not show when the term of court, at which the motion for a new trial was ruled upon and judgment rendered, adjourned *sine die.* The trial judge signed and allowed the bill of exceptions on the 24th day of September, 1892, and certifies that it was then presented to him for the first time. There is no showing in the record why the plaintiff in error delayed the presentation of this bill of exceptions to the trial judge for settlement for such a length of time.

Section 311, Code Civil Procedure, as it existed prior to

its amendment in 1895, provided: "When the decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exceptions to writing within fifteen (15) days, or in such time as the court may direct, not exceeding forty (40) days from the adjournment of the court *sine die*, and submit the same to the adverse party or his attorney of record for examination and amendment if desired. Such draft must contain all the exceptions taken upon which the party relies. Within ten days after such submission the adverse party may propose amendments thereto and shall return said bill with his proposed amendments to the other party, or his attorney of record. The bill and proposed amendments must, within ten days thereafter, be presented by the party seeking the settlement of the bill to the judge who heard or tried the case, upon five (5) days' notice to the adverse party, or his attorney of record, at which time the judge shall settle the bill of exceptions." By virtue of this section of the Code and the order of the court made in this case plaintiff in error was required to present his proposed bill of exceptions to the trial judge for settlement and allowance within sixty days after the adjournment *sine die* of the term of court at which his motion for a new trial was denied and judgment rendered against him. (*Sherwin v. O'Connor*, 23 Neb., 221.) As already stated, the record does not show when that term of the court adjourned without day. In order to sustain this bill of exceptions we would be required to presume that that term of court was not finally adjourned prior to the 23d day of July, 1892. We do not think we should indulge such a presumption, in view of the fact that section 42, chapter 19, Compiled Statutes (section 2435), provides: "The judges of the district court shall, on the first day of January of each year, fix the time of holding terms of court in the counties composing their respective districts, during the ensuing year." We do not decide that a term of court

Conway v. Grimes.

comes to an end by operation of law on the last of December in any year; nor that a term of court convened in one year may not continue into another; but what we do decide is that where a judgment is rendered on the 14th of October in one year we will not presume that the term of court at which such judgment was rendered was not finally adjourned until the 23d of July of the succeeding year. The motion to quash the bill of exceptions is sustained.

2. There are three assignments of error in the petition in error filed here. Two of these relate to the sufficiency of the evidence to support the verdict and judgment rendered in the district court, and since the bill of exceptions has been quashed we cannot review the evidence for the purpose of ascertaining whether these assignments of error should be sustained. (*Jones v. Wolfe*, 42 Neb., 272.) The other assignment of error is that the court erred in overruling the motion of plaintiff in error for a new trial. The motion for a new trial contains four distinct grounds. In *Glaze v. Parcel*, 40 Neb., 732, it was held: "An assignment of error in a petition in error that 'the court erred in overruling the motion for a new trial,' such motion containing five separate and distinct grounds, is too general, since it does not point out or suggest wherein the verdict and judgment were erroneous." (See, also, *Sigler v. McConnell*, 45 Neb., 598; *Pearce v. McKay*, 45 Neb., 296; *Moore v. Hubbard*, 45 Neb., 612; *Wax v. State*, 43 Neb., 19; *City of Chadron v. Glover*, 43 Neb., 733.) The judgment of the district court must therefore be and is

AFFIRMED.