## DREXEL, Sheriff, et al. v. TRUE.

(Circuit Court of Appeals, Eighth Circuit. March 30, 1896.)

No. 680.

1. PRACTICE—CONTINUANCE.

A continuance is not a matter of right, but one resting in the sound judicial discretion of the trial court, whose ruling thereon is not a subject of review in an appellate court.

**2.** EVIDENCE—TELEGRAMS—PROOF OF AUTHENTICITY.
  It is not error to exclude telegrams offered in evidence without any offer to show that they were sent by the parties by whom they purport to be sent or received by those to whom they purport to be addressed.

**3.** SAME—FORM OF OBJECTION.
  An objection to a deposition as "improper rebuttal" is too broad if any part of such deposition is proper in rebuttal.

**4.** PRACTICE ON APPEAL—QUESTIONS NOT RAISED BELOW.
  It is the province of an appellate court to review the rulings of the trial court on questions actually brought to the attention of that court and decided by it. Objections, other than those going to the jurisdiction of the court, not presented to the trial court, will receive no attention on appeal.

**5.** SAME—VERDICT AGAINST EVIDENCE.
  An assignment of error that the verdict of a jury is contrary to the evidence goes for nothing, unless the beaten party asked for a peremptory instruction for a verdict in his favor, at the close of all the evidence, and duly excepted to a refusal to give such instruction.

In Error to the Circuit Court of the United States for the District of Nebraska.

John L. Webster, for plaintiffs in error.

Carroll S. Montgomery (Matthew A. Hall and Dudley R. Horton were with him on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. This action was begun on the 19th day of March, 1894, in the United States circuit court for the district of Nebraska, by Loren W. True, the defendant in error, against John C. Drexel, sheriff of Douglas county, and others, the plaintiffs in error, to recover damages for the alleged conversion of a stock of millinery goods. No exceptions were taken to the charge of the court.

It is assigned for error that the court refused to continue the case upon an application filed by the plaintiffs in error. A continuance is not a matter of right, but is a matter resting in the sound judicial discretion of the lower court, whose ruling thereon is not the subject of review here. Davis v. Patrick, 12 U. S. App. 629, 635, 6 C. C. A. 632, 57 Fed. 909; Woods v. Young, 4 Cranch, 237; McFaul v. Ramsey, 20 How. 523.

Exception was taken to the ruling of the court excluding a certain memorandum or receipt relating to a book containing an inventory of the stock of goods in controversy, and showing their value; but an examination of the record discloses the fact that the paper was afterwards admitted in evidence, and this assignment, therefore, need not be further noticed.

The defendants offered in evidence two telegrams, one purporting to be sent by the defendant in error Park Godwin, and the other purporting to be sent by S. Zeimer & Feldstein to Park Godwin. The defendant in error objected to the introduction in evidence of these telegrams, and the court excluded them. Waiving the consideration of other objections to their introduction, it is enough to say the defendants did not lay, or offer to lay, any foundation for their introduction. They did not show, or offer to show, that they were sent by the parties by whom they purported to be sent, or that

they were received by the parties to whom they purported to be addressed. No offer was made to authenticate them in any manner whatever, and their genuineness was not admitted. They were, therefore, properly rejected. Burt v. Railroad Co., 31 Minn. 472, 18 N. W. 285, 289; U. S. v. Babcock, 3 Dill. 576, Fed. Cas. No. 14,485; Smith v. Easton, 54 Md. 138, 145.

"Objected to as improper rebuttal" was the objection made by the defendants to the reading of the deposition of the witness Zeimer. The objection was properly overruled, for the reason that it was too broad. It went to the whole deposition, and a part of it was clearly proper matter in rebuttal. Sigler v. McConnell, 45 Neb. 598, 63 N. W. 870. Moreover, it is within the discretion of the trial court to admit testimony in rebuttal which ought properly to have been given in chief. Railroad Co. v. McDonald, 4 U. S. App. 563, 2 C. C. A. 153, 51 Fed. 178.

Another contention of the plaintiffs in error is that it appears from the state of the pleadings that the defendant Oberfelder had a mortgage on the goods in controversy prior in date to that under which the plaintiff claims. No such defense was set up in the defendants' answer. The claim, now made for the first time, is founded on an averment contained in the plaintiff's reply, which, owing to a clerical misprision, is probably susceptible of the construction contended for. It is stated in the brief of the defendant in error that certified copies of the mortgage disclose that the Oberfelder mortgage is subsequent in date to the mortgages under which the plaintiff claims, and contains a recital that it is made subject thereto. However this may be, it is enough to say that no allusion was made to this point in the trial court as a ground of defense. The contest in the trial court was upon other lines altogether. It is obvious from an inspection of the record that the claim now made for the first time has no foundation in fact, or it would have been brought to the attention of the lower court. It is equally obvious that, if the point had been suggested in the lower court, the ground of it would have been instantly removed by an amendment of the reply. It is the province of an appellate court to review the rulings of the trial court on questions actually brought to the attention of that court, and decided by it. Objections, therefore, other than those going to the jurisdiction of the court, not presented to the trial court, will receive no attention on appeal. Railway Co. v. Henson, 19 U. S. App. 169, 7 C. C. A. 349, 58 Fed. 531; Elliott, App. Proc. § 470; Fowler v. Bank, 113 N. Y. 450, 21 N. E. 172; O'Neill v. Railway Co., 115 N. Y. 579, 22 N. E. 217; Wilson v. McNamee, 102 U. S. 572; Belk v. Meagher, 104 U. S. 279; Clark v. Fredericks, 105 U. S. 4; Edwards v. Elliott, 21 Wall. 532; Pearce v. McKay, 45 Neb. 296, 63 N. W. 851; Railway Co. v. Dye, 16 C. C. A. 604, 70 Fed. 24, 26.

The ruling of the lower court denying a motion for a new trial cannot be assigned for error; and an assignment that the verdict of the jury is contrary to the evidence goes for nothing, unless the beaten party asked for a peremptory instruction for a verdict in his favor at the close of all the evidence, and duly excepted to the refusal of the court to give the same.

The judgment of the circuit court is affirmed.