## HENRY OTIS v. HANS CLAUSSEN.

FILED DECEMBER 21, 1897. No. 7660.

1. **New Trial: ASSIGNMENTS OF ERROR: REVIEW.** If a motion for a new trial assigns several grounds for a new trial, an assignment in a petition in error that the court erred in overruling the motion for a new trial is too general and indefinite to present anything for consideration or review. (*Sigler v. McConnell*, 45 Neb. 598.)

2. **Replevin: COSTS: RULINGS ON EVIDENCE: REVIEW.** Alleged errors of the trial court in the admission and exclusion of evidence examined and the actions of the court in regard to the assigned particulars *held* not erroneous, or not prejudicially so.

ERROR from the district court of Fillmore county. Tried below before HASTINGS, J. *Affirmed.*

*John Barsby* and *John D. Carson*, for plaintiff in error.

*Charles H. Sloan*, contra.

HARRISON, J.

In an action of replevin by the defendant in error in the district court of Fillmore county, he asserted the special ownership and right to the immediate possession of a span of mules by virtue of a chattel mortgage executed and delivered to him of date September 12, 1888, by one D. C. McLeese. The plaintiff in error admitted the execution and existence of the mortgage under which

defendant in error claimed ownership of the property, the right to possession of which was in dispute in the suit, but pleaded that, long prior to the commencement of this action, by an agreement or transaction between D. C. McLeese and defendant in error, the note, the payment of which the mortgage was given to secure, was satisfied and the lien of the mortgage became inoperative; also, that subsequent to the agreement, the effect of which was the release of the mortgage to defendant in error, the property was mortgaged to Aultman, Miller & Co., and in default of payment of the debt secured by the mortgage to Aultman, Miller & Co. the mortgage was foreclosed and at the sale the property was purchased by the plaintiff in error, who was in possession of the property under the title or ownership acquired by such purchase. A trial of the issues resulted in a verdict and judgment for defendant in error, and the cause has been removed to this court by error proceedings on the part of the unsuccessful party in the trial court.

The petition in error contains three assignments as follows:

"1. The court erred in excluding from the jury the bill of sale from D. C. McLeese to John Barsby, marked 'Exhibit F' in the bill of exceptions.

"2. The court erred in admitting to the jury the transcript of proceedings in the case of Hans Claussen against Henry Thompson had before J. E. Curtis, justice of the peace in and for Fairmont township, Fillmore county, Nebraska, and marked 'Exhibit 4' in the transcript.

"3. The court erred in overruling the motion for a new trial.

The motion for a new trial contained several grounds for a new trial. This being true, the third assignment of error is too general and indefinite to present anything for review. (*City of Chadron v. Glover*, 43 Neb. 732; *Sigler v. McConnell*, 45 Neb. 598.)

One assignment of error relates to the exclusion from evidence of an offered bill of sale which purported to

convey the property in dispute from D. C. McLeese to John Barsby, executed of date subsequent to the alleged transaction between McLeese and defendant in error, by which it was claimed the mortgage or lien of defendant in error was satisfied, and also after the date of the mortgage to Aultman, Miller & Co., to which reference has hereinbefore been made. It is stated that the object of this offer was to show that it was the understanding of the parties thereto that the mortgage to defendant in error had been, in effect, canceled by the transaction which, it was pleaded, had occurred between defendant in error and McLeese. It appears from the evidence that Barsby was present at the time of the alleged agreement between McLeese and defendant in error, to which we have just referred, and was assigned the duty of attending to the fulfillment of some of its conditions. It is further contended that it would have appeared, had the evidence been admitted that the bill of sale had been recorded, that the defendant in error was charged with, or had full knowledge of, its existence, and was estopped to assert any rights in the property. The bill of sale, while it may have embodied some idea or understanding of the immediate parties to it, could not, and did not, show any ideas of the defendant in error, and, in the sense or import claimed for it, could have no force or effect as to him or his rights in or to the property. He was in no manner or degree a party in or to its execution and delivery, and could not be charged by it in the ideas or understandings embodied in it; nor was there anything in the fact of the existence of the bill of sale or the defendant in error's knowledge of its existence which could in any manner or to any extent work an estoppel as against his assertion of his rights, if any, he still had under and by virtue of the mortgage of the property to him. There was no error in the exclusion from the evidence of the offered bill of sale; hence the first assignment of error must be overruled.

Of the matters which it was set forth in the answer

were included in the agreement between defendant in error and McLeese by which it was claimed the former's rights under his mortgage were extinguished, was one in reference to a bill of costs in a case before J. E. Curtis, justice of the peace, which, it was also pleaded, D. C. McLeese agreed to assume as his debt and pay. The bill of costs referred to was charged against the defendant in error and the transcript from the justice docket which was admitted in evidence had in, or on it, a short statement that the costs had been paid by Hansen, the defendant in error. This was not evidence competent in this action to prove the payment of the costs in that action by Hansen. The statement, as it appeared in the transcript, could not bind plaintiff in error or have any force or effect as to him or his rights; hence could not be received here to affect him or such rights. As between the justice and the defendant in error, the entry in the docket, as shown by the transcript, might have possessed some significance, but it was not substantive evidence in this case as against plaintiff in error that such costs had been paid, and by defendant in error; hence the evidence should have been excluded, but the error of its admission was harmless, for the defendant in error had testified that he had paid these costs and the testimony was not disputed.

This disposes of all of the assignments of error, and it follows from the conclusions announced that the judgment of the district court will be

AFFIRMED.