## CARTER-CRUME CO. v. PEURRUNG.

(Circuit Court of Appeals, Sixth Circuit. April 5, 1898.)

### No. 528.

1. REVIEW ON ERROR—SUFFICIENCY OF EVIDENCE.

If there is any substantial evidence upon which the jury could reasonably have based their verdict, it will not be disturbed on appeal, though there may have been a motion for a verdict or a motion for a new trial which was overruled.

2. SAME—CONTRACT IN RESTRAINT OF TRADE—WAIVER OF DEFENSE.

While the court may possibly reverse a judgment involving the enforcement of a contract contravening public policy in the absence of an objection on that ground in the trial court, it will only do so when such illegality appears as matter of law upon the face of the pleadings, the face of the contract, or from the admitted facts.

3. CONTRACTS IN RESTRAINT OF TRADE.

A contract with an independent manufacturer for the entire product of his plant is not in itself a contract in illegal restraint of trade.

4. SAME.

If an independent manufacturer contracts to sell his entire product, without knowledge of similar contracts made by the buyer with other manufacturers, and without any knowledge of the fact that such contract was intended by the buyer as one step in a general scheme for monopolizing the trade in that article and controlling prices, such independent manufacturer cannot be held to have conspired against the freedom of commerce, or to have made a contract in illegal restraint of trade.

5. APPEAL AND ERROR— JURISDICTION OF FEDERAL COURTS — OBJECTION NOT RAISED BELOW.

The objection that the suit was not brought in the district of the residence of either party does not affect the general jurisdiction of the court, and cannot be raised for the first time on appeal.

In Error to the Circuit Court of the United States for the Western Division of the Southern District of Ohio.

Oscar M. Gottschal, for plaintiff in error.

Charles W. Baker, for defendant in error.

Before LURTON, Circuit Judge, and SEVERENS and CLARK, District Judges.

LURTON, Circuit Judge. This is an action at law. The suit was brought upon a written contract made August 14, 1894, between Peurrung Bros. & Co., a firm then engaged in the business of jobbing wooden ware in Cincinnati, Ohio, composed of Joseph P. and Charles J. Peurrung, and the Carter-Crume Company, a corporation of West Virginia. By this contract, for consideration therein recited, which will be hereafter referred to, the Carter-Crume Company became obliged to pay to Peurrung Bros. & Co. $250 on the 15th of each month for the next ensuing 3 years, 6 months, and 15 days, unless the contract should be sooner terminated under a provision contained therein. The installments which became due prior to September 15, 1895, were duly paid. The suit was for installments thereafter falling due, which had not been paid. The petition alleged that the firm of Peurrung Bros. & Co. had been dissolved, and the interest of Charles J. Peurrung in the contract had

been assigned to the plaintiff, Joseph P. Peurrung, who therefore sued in his own name, as he might under the law of Ohio. There was a judgment in favor of the plaintiff for the amount due on the first day of the trial term. The errors relied upon to reverse this judgment as presented by the brief and argument of counsel will be considered in the order in which they have been argued.

1. It is said that the evidence did not show that the plaintiff was the sole owner of the claim in suit; that for this reason the court erred in not instructing for the plaintiff in error as requested at the close of the evidence for the defendant in error; and that for the same reason it was error to refuse a new trial at the close of all the evidence. It is only by the strongest stretch of liberality that we can discover that there was a request for a direction at the close of the evidence for the plaintiff below. But that motion was waived by the subsequent introduction of evidence, and was not renewed at the close of all the evidence. Railway Co. v. Lowry, 43 U. S. App. 408, 20 C. C. A. 596, and 74 Fed. 463. There was evidence tending to show that Charles J. Peurrung, in a settlement of the partnership affairs with his brother, Joseph P. Peurrung, assigned this contract, and all due or to become due thereunder, to the said Joseph P. Peurrung. The witness to this was Charles J. Peurrung himself. That this assignment occurred before this suit was brought is also fairly made out. The circuit judge instructed the jury that the plaintiff must show, in order to recover, that he was the real owner of this claim; and that, if the assignment was fictitious, or unproven, the case of the plaintiff must fail. It is not for this court to weigh the evidence. That is the province of the jury, and, where there is any substantial evidence upon which a jury could reasonably find, this court will not disturb the verdict, although there may have been a motion for a verdict, or a motion for a new trial, which was overruled. This is too long and well settled to need other authority than Railway Co. v. Lowry, cited heretofore.

2. But it is said that the contract in question is one in restraint of trade, and therefore void. This defense is here made for the first time. No suggestion as to its illegality is found in the pleadings. No reference thereto occurs in the charge, nor was any exception taken to any instruction given or refused. If it be true that this contract is one which, for reasons of public policy, is void, the defense in the court below would not be waived by failure to plead properly. It was said in Coppell v. Hall, reported in 7 Wall. 542, and repeated in Oscanyan v. Arms Co., 103 U. S. 261–268, that:

"In such cases there can be no waiver. The defense is allowed, not for the sake of the defendant, but of the law itself. The principle is indispensable to the purity of its administration. It will not enforce what it has forbidden and denounced. The maxim, 'Ex dolo malo non oritur actio,' is limited by no such qualification. The proposition to the contrary strikes us as hardly worthy of serious refutation. Whenever the illegality appears, whether the evidence comes from one side or the other, the disclosure is fatal to the case. No consent of the defendant can neutralize its effect. A stipulation in the most solemn form to waive the objection would be tainted with the vice of the original contract, and void for the same reasons. Wherever the contamination reaches, it

destroys. The principle to be extracted from all the cases is that the law will not lend its support to a claim founded upon its violation."

But the general rule is that a defense not presented to the court below cannot be considered on writ of error from a superior court. Edwards v. Elliott, 21 Wall. 532; Wilson v. McNamee, 102 U. S. 572; Clark v. Fredericks, 105 U. S. 4; Drexel v. True, 20 C. C. A. 265, 74 Fed. 12. Objections going to the jurisdiction are an exception to this rule, because made so by Act March 3, 1875, § 5.

Possibly, it would be the duty of this court to reverse and remand for dismissal a suit brought here on writ of error which appeared to involve the enforcement of an obligation contrary to good morals or in contravention of public policy, although no such objection had been made in the court below. But such action by an appellate court, as a tribunal for the review of the action of trial courts, would not be justifiable unless such illegality should appear as matter of law from the pleadings, the face of the contract in suit, or from the confessed facts of the case; otherwise the right to introduce evidence in rebuttal and of trial by jury, if the suit be one at law, would be cut off. The plaintiff below did not rely upon any contract which was in itself illegal or void as in contravention of public policy. Counsel for plaintiff in error say that the Carter-Crume Company were engaged in an illegal effort to suppress competition, and put up prices in the wooden butter-dish trade, and that as one step in this scheme they bought from Peurrung Bros. & Co. their contract with Tower & Matthews. Manifestly, Peurrung Bros. & Co. had been guilty of no conspiracy against the public in contracting for the entire output of the small factory of Tower & Matthews. Neither was it an illegal restraint of trade for the Carter-Crume Company to contract for the same product, if their trade demanded it. The prior contract with Peurrung Bros. & Co. alone stood in the way. They therefore bargained with them to release Tower & Matthews, and to supply them for a definite time with the same ware, at the market price, less a fixed trade discount. At the same time they contracted with Tower & Matthews for the entire product of their factory. These two contracts were concurrent in time, and were subject to be determined on same notice. There were some features about this last contract which indicate an intention to close the Tower & Matthews factory after the delivery of a certain quantity of ware for the term of the lease, if circumstances should make it desirable. William E. Crume, of the Carter-Crume Company, in the effort to make out a defense of misrepresentation as to the extent of the trade of Peurrung Bros. & Co. in such goods as one inducement to the contract, did say that his company were, by the contracts with Peurrung Bros. & Co. and Tower & Matthews, endeavoring to hold up the prices of such goods, and that Peurrung Bros. & Co. had been selling such ware at a less price than the Carter-Crume Company. The same witness also said that they at that time had other such contracts,—whether with factories or dealers he did not say. There is no evidence that Peurrung Bros.

& Co. were aware of any others contracts, or of the purpose of the Carter-Crume Company to control prices, or that they had any purpose of aiding and abetting that company in any such scheme. They did know of the contract with Tower & Matthews. But that of itself was not a contract in general restraint of trade. If one contracts with a manufacturer for his entire product, it will, of course, restrain the producer from selling to others. But such a contract, taken by itself, is ordinarily harmless. The public are not affected. Another question might arise if all or a large proportion of all the producers of a particular article should agree to sell their entire product to one buyer, who would thereby be enabled to monopolize the market. But, if each independent producer contract to sell his product, or to sell or lease his plant, without concert with others, or knowledge of or purpose to participate in the plans of the buyer, he cannot be said to have conspired against freedom of commerce, or to have made a contract in illegal restraint of trade. The transaction with Peurrung Bros. & Co. was, on its face, legitimate, and it cannot be impeached simply by evidence that the Carter-Crume Company understood and intended it as one step in a general illegal scheme for monopolizing the trade in wooden butter dishes, and controlling prices. The principle, if we admit that the purpose of the Carter-Crume Company was illegitimate, is that which is applied to so-called wagering contracts. The proof must show that the illegal purpose was mutual. Roundtree v. Smith, 108 U. S. 269, 2 Sup. Ct. 630; Irwin v. Williar, 110 U. S. 499, 4 Sup. Ct. 160; Bibb v. Allen, 149 U. S. 481, 13 Sup. Ct. 950. This defense, not being one which appears either upon the face of the contract in suit or from the admitted purposes of both parties, cannot be urged as an objection here, the objection not having been made in the court below.

3. The next and last ground urged for a reversal is that this suit was not brought in the district of the residence of either the plaintiff or the defendant. This objection was fatal to the jurisdiction if it had been taken in time. The plaintiff was a citizen of Indiana, and the defendant a corporation of West Virginia. Diversity of citizenship, therefore, existed, and the case was one of which the court could take jurisdiction. The act of congress which prescribes the particular district in which a defendant may be sued is not one affecting the general jurisdiction of the court. The exemption from being sued out of the district of the domicile of either of the parties was a privilege which the Carter-Crume Company could and did waive by pleading to the merits. Railway Co. v. McBride, 141 U. S. 127, 130, 132, 11 Sup. Ct. 982; Railroad Co. v. Cox, 145 U. S. 593, 603, 12 Sup. Ct. 905; Trust Co. v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286. The judgment is accordingly affirmed.