LEOPOLD JAEGGI ET AL. V. GEORGE W. GALLEY ET AL.

FILED MAY 4, 1898. No. 8028.

1. **Conflicting Evidence: REVIEW.** A question of fact determined on conflicting evidence will not be disturbed upon review.

2. **Rulings on Evidence: ASSIGNMENTS OF ERROR.** An assignment, "Errors of law at the trial excepted to at the time," is insufficient in a petition in error to present for review the rulings on the admission or exclusion of evidence.

3. **Assignments of Error: NEW TRIAL.** An assignment in a petition in error for the denial of a motion for a new trial is bad, which fails to specify to which of the several grounds of the motion the assignment applies.

ERROR from the district court of Platte county. Tried below before MARSHALL, J. *Affirmed.*

*McAllister & Cornelius,* for plaintiffs in error.

*Albert & Reeder, contra.*

NORVAL, J.

The Columbus Real Estate & Improvement Company is a corporation organized under the laws of this state for the purpose of buying, selling, and improving real estate in Platte county. Its capital stock consists of 292 shares of $100 each. Leopold Jaeggi and Charles Reinke, the plaintiffs herein, are stockholders in said corporation, and the latter is a creditor thereof. All of the defendants, excepting George Lehman, are the directors of the corporation, and the defendants George W. Galley and Ingevard Sibbernsen are, respectively, the president and secretary thereof. The corporation is the owner of the property known as the "Thurston Hotel," being lots 5 and 6, in block 59, in the city of Columbus. On June 4, 1894, the defendant George Lehman made a proposition to the board of directors to purchase said property for $19,000, payable as follows: $11,000 in the stock of the corporation, and the purchaser to assume a mortgage on the premises for $8,000. At a meeting of the stockholders held on June 11 a resolution was adopted by them on a majority vote to sell the property to Lehman on the said terms proposed by him; and the board of directors, at a meeting subsequently held, ratified said sale and ordered the president and secretary to issue a deed to Lehman for said lots upon his surrendering the $11,000 in stock and assuming the mortgage aforesaid. This action was instituted in the court below to enjoin the execution and delivery of the deed to Leh-

man, and to restrain the threatened cancellation of $11,-000 of stock about to be received from him. The court below decreed that Lehman was entitled to a deed to the property, but restrained the board of directors from canceling and retiring the stock of the corporation received by it from Lehman. Plaintiffs have brought the record here for review.

The first argument is that the evidence is insufficient to sustain the finding and decree. Relief was sought upon the ground that a conspiracy was entered into between Lehman and certain of the stockholders and directors of the corporation which enabled Lehman to purchase the property at a sum much less than its value. It is true that the stock was turned in on the purchase at par, which cost Lehman a trifle over one-half its face value. The testimony, however, tends to show that while Lehman, before he submitted a proposition for the purchase of the premises, had been informed by a number of the stockholders that this stock could be obtained at fifty-five cents on the dollar, he acquired no option on any of the stock, nor did he contract for or purchase any portion thereof until after his proposition had been accepted by a vote of the stockholders and board of directors. The testimony is conflicting, but a perusal thereof satisfies us that it is ample to sustain the finding of the trial court that no conspiracy existed with respect to the purchase of the property in controversy.

It is insisted in the brief that the court erred in excluding the testimony of the witness Sibbernsen offered by plaintiffs. This ruling is not sufficiently presented for consideration by the petition in error. The errors assigned therein are as follows:

1. The judgment is contrary to the evidence.

2. The judgment is contrary to law.

3. Errors of law at the trial excepted to at the time.

4. The judgment should have been for the plaintiffs.

5. The court erred in overruling plaintiffs' motion for a new trial.

The first, second, and fourth assignments manifestly do not present for consideration alleged errors in the admission or exclusion of evidence. The third assignment is insufficient to present to this court for review the rulings on the exclusion of testimony. (*Fremont, E. & M. V. R. Co. v. Root*, 49 Neb. 900; *Imhoff v. Richards*, 48 Neb. 590; *Houston v. City of Omaha*, 44 Neb. 63; *Murphy v. Gould*, 40 Neb. 728; *Wanzer v. State*, 41 Neb. 238.) The fifth assignment is too indefinite for consideration, since it fails to specify to which of the several grounds stated in the motion for a new trial the assignment applies. (*Glaze v. Parcel*, 40 Neb. 732; *Wiseman v. Ziegler*, 41 Neb. 886; *Wax v. State*, 43 Neb. 19; *City of Chadron v. Glover*, 43 Neb. 732; *Pearce v. McKay*, 45 Neb. 296; *Conger v. Dodd*, 45 Neb. 36; *Moore v. Hubbard*, 45 Neb. 612; *Sigler v. McConnell*, 45 Neb. 598.)

Plaintiffs cannot be heard to complain of that part of the finding which is in favor of Lehman and against the board of directors of the corporation. (*Burlington & M. R. R. Co. v. Martin*, 47 Neb. 56.) The decree is

AFFIRMED.