SCOTT et al. v. HOOVER.

(Circuit Court, S. D. California. January 15, 1900.)

No. 872.

1. VENUE—WAIVER OF OBJECTION.
Filing of demurrer to complaint on the ground that it does not state a cause of action is a waiver of objection to the action not being brought, as provided by 1 Supp. Rev. St. (2d Ed.) p. 612, in the circuit court in the district of which defendant is an inhabitant.

2. SAME—STATE STATUTE.
Under Code Civ. Proc. Cal. § 396, providing that, if the county in which the action is commenced is not the proper county for the trial, it may be had there, unless defendant, when he appeals and answers or demurs, files an affidavit of merits, and demands trial in the proper county, objection to trial where the action is brought is waived by demurrer without such affidavit and demand.

At Law.

Dillon & Dunning, for complainants.
Hunsaker & Freeman, for defendant.

WELLBORN, District Judge. A demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action was interposed March 24, 1899. Thereafter, May 29, 1899, defendant filed an answer containing various pleas to the merits, and also the following:

"The plaintiffs ought not to be permitted to maintain this action in this court, for that the defendant was not at the time of the commencement of said action, is not now, and never has been, a resident and inhabitant of the Southern district of California, but that at all of said times the defendant was, and is now, a citizen and resident of the state of Colorado."

Plaintiff now moves to strike out, and also demurs to, that part of the answer above quoted, and the present hearing is on said motion and demurrer.

The single question to be determined is whether or not the filing of the demurrer to the complaint waived the objection that the action was not brought in the proper district, i. e. the district of the defendant's residence. The general proposition that the federal statute, which provides that no civil suit shall be brought in a circuit court of the United States against any person in any other district than that whereof he is an inhabitant (1 Supp. Rev. St. [2d Ed.] p. 612), only confers a personal privilege on the defendant, which he may waive, is so well settled and familiar to the profession that it is unnecessary to cite authority in its support. Defendant, however, insists that according to the practice of the state courts in California (Code Civ. Proc. Cal. §§ 430, 433), which section 914 of the Revised Statutes of the United States adopts as the practice of the federal courts in said state, the personal privilege above mentioned is matter of defense, which, when not appearing upon the face of the complaint, is available only through an answer, and therefore not waived by demurrer. The assumption that the above-mentioned sections of the Code of California furnish a suitable procedure for the assertion in the circuit court of the United States by a defendant of his privilege to be sued in the district of his residence is, in my opinion, erroneous, while the closest, and perhaps only, analogy to such procedure in said Code is found in its provisions (section 396 below quoted) relative to a change of the place of trial.

Section 20 of the practice act of 1851 of said state was as follows:

"Sec. 20. In all other cases, the action shall be tried in the county in which the defendants, or any one of them, may reside at the commencement of the action. * * *"

Section 21 of said practice act was as follows:

"Sec. 21. The court may, on motion, change the place of trial in the following cases: First. When the county designated in the complaint is not the proper county. * * *"

While said practice act was in force the supreme court of the state held:

"If a defendant, sued in a county where he does not reside, demurs to the complaint, and the demurrer is sustained, and he then demurs to an amended complaint before giving notice of a motion for a change of venue, he waives the right to have the case tried in the county where he resides." Jones v. Frost, 28 Cal. 246.

The provisions of the section of the practice act first above quoted, to wit, section 20, are still in force, being re-enacted in section 395, Code Civ. Proc. Cal.; and the doctrine of the case last cited (Jones v. Frost) is now substantially embodied in section 396 of the same Code, which is as follows:

"Sec. 396. If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county."

With reference to that section the supreme court of the state has said:

"Section 396 of the Code of Civil Procedure provides, in effect, that a defendant may be held to have waived his right to a change of the place of trial on the ground that the action has not been commenced in the proper county, unless at the time he first appears, either by answer or demurrer, he files an affidavit

of merits, and demands in writing a transfer to the proper county." Cook v. Pendergast, 61 Cal. 78.

From the foregoing citations it appears that under the state practice in California a right similar in character to the personal privilege claimed in the case at bar is asserted, not by an answer, but by a written demand for a change of venue, and, if demand is not so made before the filing of a demurrer, the right is waived. If, therefore, pursuant to section 914 of the Revised Statutes of the United States, the practice of the federal courts in respect to the matter now under consideration is to be conformed, "as near as may be," to that of the state courts (Railway Co. v. Pinkney, 149 U. S. 194, 13 Sup. Ct. 859, 37 L. Ed. 699), the objection that suit has been brought in a district other than the one of defendant's residence should be raised by motion to dismiss, or in some other suitable way, before demurrer or other general appearance by the defendant, and, if not so raised, should be deemed waived.

The case of Roberts v. Lewis, 144 U. S. 653, 12 Sup. Ct. 781, 36 L. Ed. 579, relied on in this connection by defendant, does not, in my opinion, conflict with the conclusion just announced. The second paragraph of the syllabus in that case is as follows:

"(2) Since the act of June 1, 1872, all defenses are open to a defendant in the United States circuit court, under any form of plea, answer, or demurrer, which would have been open to him under like pleading in the courts of the state within which the circuit court is held."

We have just seen, however, that, in the state practice, where a defendant, sued in a county other than that whereof he is a resident, desires to insist upon his privilege to have the suit tried in the county of his residence, he must do so by special motion, before answer or demurrer, and that answer or demurrer without such special motion is a waiver of the privilege.

Again, in Roberts v. Lewis, supra, the court says:

"The necessary consequence is that the allegation of the citizenship of the parties, being a material allegation properly made in the petition, was put in issue by the answer, and, like other affirmative and material allegations made by the plaintiff and denied by the defendant, must be proved by the plaintiff."

The allegation of the place of defendant's residence, unlike that of citizenship, is not a material allegation. Express Co. v. Todd, 5 C. C. A. 432, 56 Fed. 104. I quote from that case as follows:

"The eleventh section of the judiciary act of 1789 (1 Stat. 79) provided that no person should be arrested in one district for trial in another in any civil action before a circuit or district court, and that no civil suit should be brought before either of said courts against an inhabitant of the United States, by any original process, in any other district than that whereof he was an inhabitant or in which he should be found at the time of serving the writ. In Gracie v. Palmer (decided in 1823) 8 Wheat. 699, 5 L. Ed. 719, an action was brought in the circuit court of the district of Pennsylvania. The plaintiffs were described to be aliens, and subjects of the king of Great Britain; and the defendants, Gracie and others, to be citizens of the state of New York; and it did not appear that the defendants were inhabitants of or found in the district of Pennsylvania at the time of serving the writ. Daniel Webster moved to dismiss the writ of error for want of jurisdiction. Chief Justice Marshall delivered the opinion of the supreme court, and said: 'That the uniform construction, under the clause of the act referred to, had been that it was not necessary to aver on the record that the defendant was an inhabitant of the district or found

therein. That it was sufficient if the court appeared to have jurisdiction by the citizenship or alienage of the parties. The exemption from arrest in a district in which the defendant was not an inhabitant or in which he was not found at the time of serving the process was the privilege of the defendant, which he might waive by a voluntary appearance. That, if process was returned by the marshal as served upon him within the district, it was sufficient, and that where the defendant voluntarily appeared in the court below, without taking the exception, it was an admission of the service, and a waiver of any further inquiry into the matter.' "

That the procedure approved in Roberts v. Lewis on the jurisdictional issue of citizenship does not apply to an assertion of the personal privilege of a defendant to be sued in the district of his residence is further shown by the fact that in subsequent cases the supreme court has uniformly adhered to the rule, so often declared in earlier cases, that said privilege is waived by plea to the merits or other general appearance. In one of these cases the court said:

"The defendant not only demurred, but answered, and the second ground of demurrer was that the petition did not set out a cause of action. Under such circumstances, they could not thereafter challenge the jurisdiction of the court on the ground that the suit had been brought in the wrong district." Railway Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829.

In another case the court said:

"It may be assumed that the exemption from being sued in any other district might be waived by the corporation by appearing generally, or by answering to the merits of the action, without first objecting to the jurisdiction." Pacific Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 377.

Further on the court quotes approvingly from Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237, as follows:

"Illegality in a proceeding by which jurisdiction is to be obtained is in no case waived by the appearance of the defendant for the purpose of calling the attention of the court to such irregularity; nor is the objection waived when, being urged, it is overruled, and the defendant is thereby compelled to answer. He is not considered as abandoning his objection because he does not submit to further proceedings without contestation. It is only where he pleads to the merits in the first instance, without insisting upon the illegality, that the objection is deemed to be waived."

In a still later case the supreme court has said:

"But the defendant company did not choose to plead that provision of the statute, but entered a general appearance, and joined with the complainant in its prayer for the appointment of a receiver, and thus was brought within the ruling of this court, so frequently made, that the exemption from being sued out of the district of its domicile is 'a personal privilege, which may be waived, and which is waived by pleading to the merits." Trust Co. v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286, 38 L. Ed. 98. See, also, Carter-Crume Co. v. Peurrung, 30 C. C. A. 174, 86 Fed. 439, and Van Doren v. Railroad Co., 35 C. C. A. 282, 93 Fed. 260.

The same doctrine was again affirmed by the supreme court of the United States as late as the year 1895, the opinion being written by Justice Gray, who wrote the opinion in Roberts v. Lewis, supra, as follows:

"The circuit courts of the United States are thus vested with general jurisdiction of civil actions, involving the requisite pecuniary value, between citizens of different states. Diversity of citizenship is a condition of jurisdiction, and, when that does not appear upon the record, the court, of its own motion, will order the action to be dismissed. But the provision as to the particular district in which the action shall be brought does not touch the general jurisdiction

of the court over such a cause between such parties, but affects only the proceedings taken to bring the defendant within such jurisdiction, and is a matter of personal privilege, which the defendant may insist upon or may waive, at his election; and the defendant's right to object that an action within the general jurisdiction of the court is brought in the wrong district is waived by entering a general appearance without taking the objection." Improvement Co. v. Gibney, 160 U. S. 219, 16 Sup. Ct. 272, 40 L. Ed. 401.

This question is also discussed, and precedents carefully reviewed, by the circuit court of appeals, Eighth circuit, in an opinion delivered May 15, 1893, in Express Co. v. Todd, 5 C. C. A. 542, 56 Fed. 104. After quoting from various decisions, the court says:

"Thus it will be seen that for more than 60 years the supreme court has uniformly held that a general appearance or an answer to the merits by the defendant was a waiver of the objection that the action was brought in the wrong district, and that it was too late thereafter to insist upon it." ·

The defendant in the case at bar, having by demurrer voluntarily submitted himself to the jurisdiction of this court, thereby waiving the objection that he has been sued in a district other than that of his residence, will not now be heard to raise said objection; and plaintiffs' motion to strike out that part of the answer above quoted will be allowed.